## DAVIDSON v. ERNEST.

1. A person entered into a verbal contract for the purchase of a tract of land in fee, and in virtue thereof took possession and cultivated the same for two years, then abandoned the possession and renounced the contract—the vendor at the same time offering to make a deed for the land, which the vendee declined to accept: *Held*, that an action of *assumpsit* for use and occupation will lie at the suit of the vendor, to recover of the vendee for the two years permissive occupancy.

Writ of error to the Circuit Court of Butler.

This was an action of assumpsit at the suit of the defendant, against the plaintiff in error. Among other counts in the declaration, there is one which states, that the defendant on the first day of January, 1843, was indebted to the plaintiff in the sum of seventy-two dollars for the use and occupation of certain lands, &c., lying, &c., in the county of Butler, (which are particularly described,) with the appurtenances, &c., by the defendant at his request, and by the sufferance and permission of the plaintiff for a long time, viz : two years, &c.

From a bill of exceptions sealed at the instance of the defendant, it appears, that evidence was adduced by both parties, tending to show, that the defendant by verbal contract agreed to purchase, in fee, ten acres of land from the plaintiff. This contract was entered into in the year 1841, and the land was cultivated by the defendant in that and the succeeding year; in 1842 he gave notice to the plaintiff, abandoned the possession, and renounced the contract. At the time of such notice the plaintiff offered to make the defendant a deed for the land, which the latter declined accepting. This was all the evidence in respect to the defendant's occupancy.

The defendant prayed the Court to charge the jury that occupancy under a parol contract as proved, did not entitle the plaintiff to recover in the present action for rent. This charge was refused, and the Court charged the jury, that if the facts

103

above stated were true, they showed a right to recover rent for the time the defendant occupied the premises.

Thereupon the jury returned a verdict for the plaintiff for thirty-nine dollars and ninety cents, and judgment was rendered accordingly.

N. Cook, for the plaintiff in error, cited 6 Johns. Rep. 45; 13 Id. 488; 3 Conn. Rep. 303; 1 Stew. & P. Rep. 294; 4 Id. 170.

T. H. Watts, for the defendant in error.

COLLIER, C. J.—In Bell v. Ellis's heirs, 1 Stewt. & P. Rep. 294, it appeared that the widow of a deceased owner of land married again, and her husband entered into a contract with a third person for the sale of the land, under which the purchaser took possession. The land being subsequently sold by the administrator of the estate of the first husband, and purchased by another person, who it did not appear had any interest in the estate, an action was brought by the heirs of the decedent, to recover rent for the use and occupation, against the purchaser, from the husband of the widow. The Court held, that although the contract for the sale of the land was void, yet it had the effect to destroy the relation of landlord and tenant, which it was said, is essential to the maintenance of the action for use and occupation. *Further*, the action of assumpsit for rent, will not lie at the common law, except upon an express promise made at the time of the demise; this action is given by our statute of 1812, which is a transcript of the 11 Geo. 2d, ch. 19, § 14, and applies only where that relation is created by an agreement. In Hays v. Goree, 4 Stewt. & P. Rep. 170, the facts being briefly these; the plaintiff leased to the defendant by *parol*, a tract of land for the term of five years. It was proved that the latter took possession, and occupied for one year. The Court cite the case of Bell v. Ellis' heirs without disapprobation, and distinguish it from the case then in hand; because in the former there was a contract (though void,) for the sale *of the fee;* while in the latter there was a lease for a longer period, than the law authorized to be made *without writing*. It was supposed that the effect of the case referred to, was not to declare that an action for use and occu-

Davidson v. Ernest.

pation could not be maintained in any case, where there was a void contract for the possession. The learned Judge, who delivered the opinion of the Court, after citing several other decisions, makes the following deductions, viz : " Though contracts be void under the statute of frauds, so that the law will not enforce them, yet the maxim, *ex turpi causa*, *non oritur actio*, does not apply. If one has entered into such a contract and received value under it, the law creates a responsibility, and implies a promise to pay, or account to the other, according to the obvious justice of the case. In the present case, we think the parol lease, and the enjoyment of possession under it for a year or more, created the relation of landlord and tenant, at least for one year ; and during this time the occupant would have been entitled to notice to quit ; consequently the action was maintainable." Thus stands the law according to the decision of our predecessors, and we will now consider, how far the remedy upon a statute similar to our own, has been extended elsewhere.

It is laid down generally, that to sustain the action for use and occupation, a contract express or implied must be proved. [1 T. Rep. 378–387.] But it may be implied from circumstances ; as where the defendant has entered into a contract of sale, which is abandoned, if the defendant's occupation has been *beneficial to him*, it is said he will be liable in this form of action. [Hearn v. Loudin, Peake's Rep. 192.] If the vendor has derived an equivalent benefit by the retention of the purchase money while the purchaser was in possession, he cannot recover for use and occupation where the latter abandoned the possession, because the former failed to consummate his title. [Kirtland v. Pounsett, 2 Taunt. Rep. 145.]

In Smith v. Stewart, 6 Johns. Rep. 46, an agreement had been made between the plaintiff, and defendant, for the sale of land. The defendant, as purchaser, took possession, and afterwards refused to complete his purchase ; whereupon the plaintiff brought an action for the use and occupation. In considering the question, whether that action was maintainable, the Supreme Court of New York said, that the statute of that State was substantially the same as that of 11 Geo. 2d, (already cited,) and applies only to the case of a demise, and where there exists the relation of landlord and tenant, founded on

some agreement creating that relation. That the defendant entered under a color of title, which might have been enforced in equity; by refusing to perform his contract, he became a trespasser, liable to be turned out as such, and responsible in that character for the mesne profits, but not as a tenant.

It has been decided, that where a tenant, under a parol demise, continues in possession after the expiration of his term, without a new agreement, his subsequent holding will be deemed to be, by the implied permission of the original lessor. [Osgood v. Dewey, 13 Johns. Rep. 240.] The same doctrine was maintained, where the lessee by deed held over after the expiration of the lease; also, where there was a covenant contained in the expired lease for its renewal, though no rent was expressed for the subsequent term, and it was in other respects so uncertain, that the covenant could not be enforced under the statute of frauds. [Abeel v. Radcliff, 13 Johns. Rep. 297; see also Doe, ex dem. Rigge v. Bell, 5 T. Rep. 471; Little, et al. v. Pearson, 7 Pick. Rep. 301; Farley v. Thompson, 15 Mass. Rep. 18; Henwood v. Cheeseman, 3 Sergt. & R. Rep. 502; Sturdy v. Arnaud, 3 T. Rep. 599.] So it has been held, that assumpsit may be maintained upon the implied promise, arising merely from the use and occupation of real estate by permission, without any promise to pay rent. [Dunn v. Scovil, 4 Day's Cases, 229; Shattuck v. Ransom, 2 Aik. Rep. 252; Stoddard v. Newman, 7 H. & Johns. Rep. 251; Pott v. Lesher, 1 Yeates' Rep. 576; Eppes v. Cole, et al. 4 Hen. & Munf. Rep. 161.]

Mr. Dane says, that the action for use and occupation is of modern date, being given by statute, but in Massachusetts it has been used from the first settlement of the country, and extends to almost every case, where there is not a sealed lease between the parties, and a contract to pay rent is express, or can be implied—2 vol. chap. 55, page 441.

Hull v. Vaughan, 6 Price's Rep. 157, was an action for use and occupation, and elaborately and learnedly considered, both by the bench and the bar. One of the questions was, whether the action could be supported, where the evidence did not show the existence of the relation of landlord and tenant between the parties. The learned judges of the Court of Exchequer, were unanimous in their conclusion. All agreed, that there

was no contract, but a permission on one side and an enjoyment on the other. "It is not necessary," said Mr. Baron Graham, "in this species of action that the proper relation of landlord and tenant should be distinctly made out between the parties, because the action is calculated in form to meet cases where the parties do not bear those characters, if there be in point of fact an ownership on one hand, and an occupation on the other; and it should be liberally applied where it may be found to be a party's only remedy. My difficulty has been to reconcile that rule with the rule of Kirtland v. Pounsett, where the Chief Justice has certainly expressed himself very strongly against the implication of an assumpsit, where it was not in the contemplation of the parties. Although in raising an implied assumpsit, however, we may or may not be doing what was not in the contemplation of the parties at the moment, that should not be the only consideration with us in determining, whether this species of action can be maintained, or not." Without stating the facts of that case with minuteness, it is enough to say, that the defendant was the vendor of land, refused to execute his contract, obtained the possession by misrepresentation, and retained it when the plaintiff was entitled to it.

In Bell v. Ellis' heirs, neither the relation of landlord and tenant, or an occupancy by the permission of the plaintiffs, or any one acting for them, was established, but there was a contract of sale under which the defendant occupied the lands. From any thing appearing to the contrary, the defendant expected to execute his contract, and that the failure to consummate the sale, did not result from any fault of his. The conclusion of this Court, that the plaintiff could not recover for use and occupation, was clearly correct, but the reasoning employed in the opinion pronounced, went beyond this, and held, that it was essential to the maintenance of the action, that there should be a promise, either express or implied, to pay rent, resulting from a holding in the character of tenant.

So in Hays v. Goree, the judgment is equally proper. There the relation of landlord and tenant was shown to exist. The tenant took possession under a lease, that was merely void, because it was not in writing as required by the statute; placing the lease out of view, he was adjudged liable for use and oc-

cupation for a year, a verbal lease for that period being good. But in this case, the Court cite, without dissent, the reasoning of the previous decision, and the authorities on which it rests.

We see, then, that our own adjudications do not *bind* us to the stringent rule which maintains, that the action for use and occupancy, can only be maintained, where the relation of landlord and tenant is established. True, the opinions seem to go to that extent, but they went beyond what the facts of the cases made it necessary, and they can only be regarded authoritative, so far as they are strictly applicable to the facts. The reasoning and illustration of a Court, should always be most respectfully received, but where uncalled for, or inappropriate to the case in hand, it is not conclusive, even upon the tribunal which employs it.

The liberal construction given to the English statute, by the comparatively late case, cited from 6th Price, seems to us not to be an unwarrantable extension of its terms, when the spirit and design of the enactment are considered. It is certainly promotive of moral justice, as it encourages a plain, and simple remedy, for a right founded in the purest equity. Several of the citations we have made, show, that the enlarged rule laid down in that case, has been recognized elsewhere. As for the case cited from 6th Johnson, which affirms that a purchaser, under a contract which he refuses to execute, becomes a trespasser by his refusal, and an action for an implied *assumpsit*, will not lie to recover rent upon his occupancy, the reason on which the Court rests its judgment need but be mentioned to be repudiated.

The justness of the decision in Hull and Vaughan, is so apparent that, we are prepared to adopt it in the case at bar. Here the plaintiff was willing to execute the contract of sale, by making a title to the defendant, but the latter refused to consummate his purchase. The defendant entered and occupied by the plaintiff's permission, promising the latter that he would pay for the land; this promise he refused to perform. *Ex æquo et bono,* he is bound to pay for the time he occupied, and prevented the plaintiff from making a profit from his property; and the law will imply a promise accordingly.

The judgment of the Circuit Court is consequently affirmed.