## CATTERLIN vs. SPINKS.

1. On the trial of an appeal from a justice of the peace, the appellate court, being required by statute to try the case *de novo*, and to give judgment according to its justice and equity, &c., should, in a case where the plaintiff could maintain trespass or assumpsit, disregard the form of the warrant designating the proceeding as an action of debt.

2. Assumpsit for use and occupation will lie against a naked trespasser on real estate, in favor of a lessee who elects to waive the trespass and permits the trespasser to retain possession until the expiration of his term.

Error to the Circuit Court of Choctaw. Tried before the Hon. John Bragg.

This was an action of debt to recover rent of land, and was commenced by the defendant against the plaintiff in error, in a justice's court, and thence carried by appeal to the Circuit Court. The facts are sufficiently set out by the court in its

opinion for a full understanding of the points decided. The amount in controversy being less than twenty dollars, the case was submitted to the court below without a jury, and a judgment was rendered against the defendant, from which judgment he has now sued out this writ of error.

D. SMITH, for the plaintiff in error :

1. Spinks rented the land of himself, he being the crier, also being one of the school commissioners appointed by the State and representing the interest of the State. This was contrary to the public policy and a fraud upon the State, and Spinks acquired by such a purchase no title. McGee v. Lindsay, 6 Ala. Rep. 16.

2. Spinks has never been in possession of the land, and could not bring an action for mesne profits until he had obtained possession of the land, even by action of *trespass*. Fry v. Branch Bank, at this term.

3. Trespass is the only action that could be sustained under any circumstances against a naked trespasser. Neither assumpsit nor debt will lie. An action for use and occupation can only be sustained where the relation of landlord and tenant exists between the parties. Bancroft et ux. v. Wardle, 13 Johns. 489; 3 Johns. Cas. 335. When an entry on land is tortious, the tort cannot be waived and the rent recovered in assumpsit. Richey v. Hinds, 6 Ohio, 371. To sustain an action for use and occupation, a *contract* express or implied must be proved. 2 Saund. Pl. & Ev. 890; 1 Term Rep. 378; ib. 387; Elliott et al. v. Boaz et al. 13 Ala. 535.

4. In Davidson v. Ernest, 7 Ala., and Hull v. Vaughan, 6 Price, *permission* was given by plaintiff to defendant to occupy the land, from which a promise was infered to pay for it.— Here there was no permission, but defendant was a mere naked trespasser.

5. Justices of the peace have jurisdiction of trespass only to the amount of twenty dollars—of other actions to the amount of fifty dollars. They cannot therefore confound trespass with actions *ex contractu*.

RAPIER, for defendant in error :

1. The facts disclosed by the record show a good cause of action. The plaintiff in error was liable on an implied pro-

mise for use and occupation. See Davidson v. Ernest, 7 Ala. Rep. 817; Hull v. Vaughan, 6 Price's Rep. 157.

2. To sustain a judgment, every thing compatible with the record will be presumed. 3 Stew. 444.

3. The suit having been commenced before a justice of the peace, and the amount in controversy being less than twenty dollars, formality was not required. Not even a statement was necessary in the Circuit Court. (8 Port. 562; 1 Stew. 266.) There it was proper to try the case according to its equity and justice, without regard to any defect in the warrant or other proceedings. See Ala. Rep. 57, 204; 2 Stew. 480; 5 Port. 213; 6 ib. 121; 1 Ala. Rep. 157.

4. If, under the facts of the case, assumpsit for use and occupation could not be maintained, yet the judgment is good, as resting on a suit for damages. Forms of action before justices of the peace are disregarded.

CHILTON, J.—The act of 1841 authorises a justice of the peace to take jurisdiction of all cases of damages, whether the same arose from matter of contract, or any kind of tort or wrong done whatever, (except actions of slander,) where the damages claimed by the plaintiff do not exceed twenty dollars. Clay's Dig. 358, § 3. And by the act of 1819, it is provided, that in all cases of appeal from judgments of justices of the peace, the court before which such appeal shall be brought shall proceed to try the same de novo, and give judgment according to the justice and equity of the case, without regarding any defect in the warrant, capias, summons, or other proceedings of the justice of the peace before whom the same was tried. Under these statutes, if the plaintiff below could have maintained trespass or assumpsit for use and occupation against the party in possession, the count very properly disregarded the form of the warrant designating the proceeding as an action of debt.

We need not stop to inquire as to the right of Spinks to rent the land at auction, himself being one of the commissioners and the crier at the renting. This is a question with which the plaintiff in error has no concern whatever. So long as the commissioners are satisfied with the contract made with Spinks, it is not for a stranger to say there may be some fraud

in the matter as against them, and thus deprive them of a bargain which may be advantageous. See Gary v. Colgin, 11 Ala. Rep. 519; Foster v. Goree, 5 Ala. Rep. 424; Brown v. Lipscomb, 9 Port. Rep. 472; Herbert v. Hanrick, at this term. We proceed then to ascertain whether the action lies under the circumstances of this case.

The bill of exceptions informs, us that the evidence before the court below showed that Catterlin was in possession as a naked trespasser of fifteen acres of land on the 16th section, and had prepared the same for planting in the spring of 1846, and cultivated it in that year; that Spinks was one of the commissioners of the 16th section, and in the spring of 1846 rented the land at public renting by the commissioners for 1846—Spinks being the crier; that the rent of the land was worth one dollar per acre. No evidence was offered of any contract or agreement between Catterlin and Spinks. We are not informed whether Catterlin entered upon the possession of Spinks, or whether he took possession before Spinks rented. The bill of exceptions is silent as to the fact, and being silent, we must construe the bill most strongly against the party excepting, and intend that the renting was previous to the trespass, for this intendment is necessary to support the judgment.

The question then recurs, can the party recover for use and occupation in the absence of an agreement? The case of Elliott v. Boaz, 12 Ala. Rep. 535, is not applicable to a case like this. In that case the court merely decide that the surety for the vendee upon notes given for the purchase money, in the absence of any contract other than his suretyship, and who never had taken possession of the land, was not bound for the rent decreed to be paid by his principal, on a recision of the contract upon the application of the latter.

The case of Davidson v. Earnest, 7 Ala. Rep. 817, does not, it is true, come quite up to the case at bar. In that case there was a permissive holding by the defendant, under a parol contract for the purchase of the land, which he repudiated, and having failed to consummate it, the court held him liable to the vendor for the rents in assumpsit. In the Dean and chapter of Rochester v. Pierce, 1 Camp. Rep. 466, it appeared the defendant had occupied without any demise, but Lord Ellenborough held that an action for use and occupation did not

necessarily suppose a demise. "It is enough that the defendant used and occupied the premises by the permission of the plaintiff." In Hull v. Vaughan, 6 Price's (Exc.) Rep., the doctrine of Lord Ellenborough was unanimously affirmed by the Court of Exchequer. It appeared in that case, that one Bach, the solicitor of Vaughan, contracted with the latter for the purchase of some freehold estate, and afterwards sold a portion of it to Hull, the plaintiff, who took possession and made valuable improvements. Vaughan refusing to comply with his contract, Bach filed his bill for specific performance, and being attached for his failure to bring into court the purchase money, and Vaughan taking advantage of the report current in the country of Bach's inability to pay, &c., went to Hull and induced him to surrender the possession to him (Vaughan.) But Bach having raised the funds, and Hull finding his mistake, went to Vaughan and demanded the possession, who refused to give it up; whereupon he knocked the lock off the gate and took possession. Afterwards Vaughan re-entered and put on a new lock and kept Hull out for the space of two years, when Bach obtained a decree against Vaughan, who thereupon surrendered possession of the premises and executed the deed, &c. Hull brought assumpsit for the two years' rent against Vaughan, and the court after full consideration, was, as we have said, unanimous in the opinion that the action was maintainable. This case we regard a correct exposition of the law, as applicable to the case adjudicated, and the principle there determined applies to the case before us. Here the term of the tenant has expired. He can have no action of ejectment or trespass to recover the possession and consequential damages, as he is not now entitled to the possession. He has elected to treat the defendant not as a trespasser, but has permitted him to hold the possession and to cultivate the land during the term for which he rented it, and unless he can maintain the action of assumpsit, it would appear that he is without remedy. But conceding that he might, under the circumstances, bring an action of trespass *quare clausum fregit*, still, under the act first referred to above, the jurisdiction of the justice of the peace would attach, and upon that hypothesis the judgment of the Circuit Court would be defensible: For we repeat, the informality of the warrant in describing

the nature of the action can make no difference in the appellate court. The case must be tried *de novo*, on its justice and equity. McCoy v. Smith, 1 Ala. Rep. 158; Clay's Dig. 315, § 12.

The justice and equity of this case is clearly with the plaintiff below. Our conclusion is, that the judgment must be affirmed.