## WEAVER *vs.* JONES.

1. *Assumpsit* for use and occupation does not lie against a mere naked trespasser.

2. A bond for title, given by an infant, is not absolutely void, but voidable only.

3. If an infant disaffirm his contract of sale on arriving at full age, and sue his vendee for use and occupation, the latter may recoup for valuable improvements erected on the land.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. EZEKIEL PICKENS.

ASSUMPSIT by Emmett Jones against Philip J. Weaver, for the use and occupation of land. The facts sufficiently appear in the opinion.

LAPSLEY & HUNTER, for plaintiff in error :

The charge of the court is clearly erroneous. It assumes, as a principle of law, that all contracts made with minors, not advantageous to them, are absolutely void ; whereas they are only voidable.—Oliver v. Handlet, 13 Mass. R. 237 ; Whitney v. Dutch, 14 *ib.* 461 ; Story on Contracts, p. 47 § 58 ; 2 Kent's Com. 235. The charge threw the burthen of proof on the defendant below, to show that the contract was advantageous to the minor, while the authorities require, that the contract must be prejudicial to the minor, before the court can declare it void ; if it is doubtful or indifferent, the contract is only voidable.— Zouch v. Parsons, 3 Burr. 1765 ; Keane v. Boycott, 2 H. Black. 511. In the case of West v. Penny, 16 Ala. 186, this court held the contract voidable only, and yet no advantage to the minor was shown ; indeed, in that case, the contract could not, in any event, have been advantageous to him. It is laid down as a general rule, in that case, that the courts lean to construing the contracts of infants to be voidable only. The contract must appear, upon its face, to be prejudicial to the infant, before a court will declare it void.—Bingham on Infancy ; Fant v. Catchcart, 8 Ala. 725 ; Tucker v. Moreland, 10 Peters 58.

The defendant below was entitled to recoup for the valuable improvements which he had put upon the land in good faith, before the disaffirmance of the contract. The privilege of infancy is to be used as a shield, and not as a sword. Where a party rescinds a contract, he must put the other party *in statu quo* ; that is, in the same condition as if the contract had never been made ; he must account for improvements made *bona fide.*— Pharr v. Bachelor, 3 Ala. 237 ; Gillespie v. Battle, 15 *ib.* 276; 2 Kent's Com. 240 ; Holmes v. Blogg, 8 Taunt. 580 ; McCoy v. Huffman, 8 Cowen 84; Badger v. Phinney, 15 Mass. 359; Roberts v. Wiggins, 1 N. H. 73 ; Roof v. Stafford, 7 Cowen 179 ; 2 Eden's R. 72 ; 6 N. H. 339 ; Cullum v. Branch Bank at Mobile, 4 Ala. 21; 7 Ala. 742; 2 Bibb 45; 3 A. K. Marsh. 202 ; 3 Bibb 31; 3 Litt. 391 ; 4 *ib.* 371 ; 5 *ib.* 77 ; 1 J. J. Marsh. 404.

WM. M. MURPHY, *contra :*

1. This was a bond with a penalty, made by an infant, and therefore not voidable merely, but absolutely void. An infant cannot bind himself with a penal bond, even for necessaries.—McPherson on Infants, p. 498, cited with approbation in Fant v. Cathcart, 8 Ala. 730.

2. It is unnecessary to consider whether the bond was void or voidable; "if it was voidable only, and has been avoided, the same rusult will follow."—Tucker v. Moreland, 10 Peters 71, *per* Judge Story. Here, the contract was, in fact, rescinded, the purchase money refunded, and the bond cancelled.

3. In cas of a lease by an infant, he can disaffirm the contract and treat the lessee as a trespasser.—Story on Contracts, p. 26; Blunden v. Baugh, Cro. Car. 303, 306.

4. The recoupment of damages for valuable improvements, is only applicable in suits brought to recover the possession of lands.—Clay's Digest 320 § 47. This is an action for use and occupation, commenced while plaintiff was in possession. There can be no recoupment, where there is no cause of action ; recoupment is in the nature of an unliquidated set-off, and must arise out of the contract sued on.—Hatchett v. Gibson & Bro., 13 Ala. 587.

CHILTON, C. J.—Jones sued Weaver in *assumpsit*, for the use and occupation of a lot in Selma. It appears from a bill of exceptions, which was sealed upon the trial, that the plaintiff, Jones, while an infant, had sold the lot, and executed his bond for title in the usual form ; after he arrived at age, he disaffirmed the contract, paid Weaver back the purchase money, with the interest, and received back his bond. Weaver, in the mean time, had made valuable and permanent improvements on the lot, in the erection of a livery stable. This suit is brought by Jones, to recover rent for the time Weaver occupied the lot; and Weaver insists, that he should be allowed to recoup the value of his improvements, which gave to the lot its principal yearly value ; the rent, aside from such improvements, being quite inconsiderable.

The court, among other things, charged the jury, that, if the plaintiff (Jones) was a minor at the time of selling the lot, and they should find that such sale was not an advantageous one to

the plaintiff, then the contract would be void, and the damages could not be recouped.

The counsel for the defendant in error endeavors to maintain the correctness of this charge, upon the alleged ground, that a bond with a penalty, given by an infant, is absolutely void, and that being void, the defendant below must be regarded in the light of a mere trespasser, and as such not entitled to recoup for improvements.

If this position be correct, we think it is very clear, the plaintiff, Jones, has no standing in court; for the action of *assumpsit* will not lie, in the absence of a contract either expressed or implied; and no contract for the payment of rent is implied, by law, as against a mere naked trespasser. The owner, in such case, must resort to his action of trespass, to recover damages for the tortious entry and holding of the premises. True, there are cases, where the owner of a term may elect to treat one who trespasses on him as his tenant, after the term expires; for, otherwise, he would be remediless. Such was the case of Catterlin v. Spinks, in 16 Ala. 467. So, also, in cases of permissive holding, as where the party in possession holds under a verbal contract of purchase, which he repudiates. The case of Davidson v. Earnest, in 7 Ala. 817, furnishes an illustration of this latter class. See also Rochester v. Pierce, 1 Camp. 466, and Hull v. Vaughn, 6 Price Exchq. Rep. 157. If, however, the bond in this case be absolutely void—a mere nullity—and the party a mere trespasser, the case falls under neither of the qualifications above stated. There would be no demise, express or implied, and no permissive holding. To entitle the plaintiff below to a recovery, it is, therefore, necessary to affirm the validity of the bond for some purpose, as amounting at least to a permission to the plaintiff in error to occupy.

But is a bond for title, given by an infant, an absolute nullity? The old cases, and several elementary writers who follow them, maintain the affirmative of the proposition; but we think it clear, both upon principle and the current of modern cases, that it is not.

The object of the rule which enables an infant to repudiate his contracts, when he arrives at full age, is to furnish him a shield or protection against the improvident bargains he may

enter into, resulting from presumed incapacity, by reason of his youth, to contract. It may often happen, that his contract may prove a very beneficial one to him, and he may desire, when of age, to affirm it, which he could not do, if it were void.

The better opinion, as maintained by the modern decisions, is, that an infant's contracts are none of them (with perhaps one exception) absolutely void by reason of non-age; that is to say, the infant may ratify them, after he arrives at the age of legal majority.—Parsons on Contracts, 224 and notes; 1 Amer. Leading Cases 103, 104. The rule, as recognized by the charge, that the court, or (as in this case) the jury, must determine whether the contract was beneficial or prejudicial to the infant, and hold the contract voidable or void according to the result of such finding, has been rejected by many of the courts in modern times, as unsatisfactory and unsafe in its application, and as often contravening the principle upon which it was founded, namely, the benefit of the infant. It is certainly more conducive to his benefit, to afford him the opportunity of affirming, when of age, a contract which he may determine to be beneficial, than for the court or jury to determine this question for him.—15 Wend. Rep. 631; 1 J. J. Mar. Rep. 236; Parsons on Con., note e to page 244.

We must consider Weaver as holding possession of the lot under a contract for its purchase, which was voidable, and as holding by permission of Jones, the plaintiff, who may, therefore, treat him as his tenant, and maintain this action of *indebitatus assumpsit* for use and occupation.

The question then arises, What damage has Jones sustained, by the failure of Weaver to comply with the implied assumpsit to pay reasonable compensation for the use of the premises?

In this equitable action of *indebitatus assumpsit*, can the plaintiff recover for the use and enjoyment of permanent and valuable improvements, which the defendant himself has erected, without allowing a discount or abatement of his recovery by way of compensation for such improvements? If they were erected in good faith, under a contract of purchase, which, though voidable, was not void, we feel satisfied that, when the infant disaffirms the contract, the law will not raise in his favor an assumpsit on the part of the defendant to pay for the use of the permanent improvements made upon the faith of the con-

tract, without considering the improvements, and abating the recovery to the extent of their permanent value. It is thus that the courts give effect to the general rule, that in actions arising upon contracts, the plaintiff recovers the actual damage sustained.—Sedgwick on Damages, pp. 430 to 446 ; 2 Greenl. Ev. 208. And if such be the rule in regard to express contracts, much more would the court look to circumstances growing out of, and connected with an implied undertaking.—See upon recoupment, 13 Ala. 594 ; 2 Denio 616.

It follows, therefore, that the court erred in respect of the claim for improvements by way of recoupment.

We deem it unnecessary to examine the other questions raised upon the admission of evidence, since it is probable that they may not arise upon a subsequent trial.

Let the judgment be reversed, and the cause remanded.