COUCH vs. McKELLAR.

[ACTION FOR USE AND OCCUPATION OF LAND.]

1. *Lessee's liability on implied renewal of lease.*—Where two co-administrators rent out their intestate's lands for the term of one year, and the lessee holds over after the expiration of his term; but the lands are sold, under an order of court, before the expiration of the year, and purchased by one of the administrators individually, he cannot hold the lessee liable, as on an implied renewal of the lease, when he has never been in actual possession, and did not obtain a deed until after the lessee had left the premises.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. WILLIAM M. BROOKS.

THIS action was brought by D. W. McKellar, against Wilson H. Couch, to recover $75 for the use and occupation of a store-house during the year 1856. The only plea was *non assumpsit*. It appeared from the evidence adduced on the trial, as set out in the defendant's bill of exceptions, that the store-house belonged to the estate of one James M. Howard, deceased, of which the plaintiff and one James T. Jones were the administrators, and was rented by the plaintiff, acting for himself and his co-administrator, to the defendant, for the year 1855; that the defendant took possession under his lease, and retained the possession of the premises during the whole of the year 1855, and the month of January, 1856; that during

31

the year 1855 the premises were sold by the administrators, "under proper authority from the probate court, at public outcry," and were purchased by the plaintiff, who received from his co-administrator a conveyance; and that the plaintiff had not been in actual possession of the premises, nor was there any express contract between him and the defendant. On this evidence, the defendant asked the court to charge the jury,—

"1. That if he rented the premises from Jones and McKellar for the year 1855, and McKellar individually bought the land in 1855, and the defendant held over during the month of January, 1856, then he cannot be held to be in possession under the terms of the renting for 1855, and the plaintiff can claim nothing in this action from such renting.

"2. That if the plaintiff's vendors, by their contract with him, were to put him in possession, and he never was in possession, he has no right to bring this action.

"3. That if the plaintiff never got title until the 22d April, 1856, as evidenced by his deed, and was never in possession under his purchase, he cannot recover in this action."

The refusal of these charges, to which exceptions were reserved, is now assigned as error.

GEO. W. GAYLE, for the appellant.

E. W. PETTUS, ALEX. WHITE, JNO. T. MORGAN, contra.

STONE, J.—It is not necessary in this case to consider or decide whether, in the case of a sale, or other determination of the lessor's title during the term of the lease, the law arms the new landlord, when the lessee holds over after the termination of the lease, with the right of considering such holding over as a renewal of the lease. See Harkins v. Pope, 10 Ala. 493; Chitty on Con. 287; Conway v. Starkweather, 1 Denio, 113; Farmers' and Mechanics' Bank v. Ege, 9 Watts, 436; Webber v. Shannon, 3 Hill, (N. Y.) 547; Young v. Buchanan, 10 Gill & Johnson, 149; 2 Platt on Leases, 521; Buckworth v. Simpson, 1 Crompton, Mees. & R. 833; Arden v. Sulli-

Couch v. McKellar.

van, 14 Ad. & Ellis, (N. S.) 832; Addison on Con. 976; 3 Kent's Com. (9th ed.) 614; Jacques v. Short, 20 Barb. (S. C.) 269; Moore v. Johns, 2 Speer's Law, 288; Roe v. Ward, 1 H. Blacks. 97; Cole v. Patterson, 25 Wend. 456; Abeel v. Radcliff, 13 Johns. 297; Crommelin v. Thiess, 31 Ala. 412.

There is a feature of this case, which must work its reversal. The record informs us that Jones and McKellar, as administrators of Howard, leased the premises to Couch for the year 1855. This recital shows, that as to these parties, the title of the store-house, and the ground on which it stood, was in the heirs of Howard. McKellar, at that time, had no title to the lot. The record informs us, also, that when McKellar instituted his suit, he had never been in actual possession. The title he offered and proved was a deed from his co-administrator to him, dated in April, 1856. Couch, the lessee, had not received the possession from McKellar, by or under any contract made with the latter in his personal capacity; and hence, the doctrine, that a tenant cannot dispute the title of the landlord under whom he holds, has no application. The only claim of Mr. McKellar rests on a contract, which, he says, the law implies from the circumstances. Never having been in actual possession, and there being no express contract for the year 1856, the law will not imply a promise from Mr. Couch to him for the use and occupation, in the absence of a title in him. The sale of the premises, without a deed made, conferred no such title as would draw to it the constructive possession.—Presnell v. Ramsour, 8 Iredell's Law, 505. See, also, Smith v. Wooding, 20 Ala. 324.

The third charge asked should have been given.

Judgment of the circuit court reversed, and cause remanded.