# Stringfellow *v.* Curry & Co.

*Action for Use and Occupation of Land.*

1. *When action lies.*—An action for the use and occupation of land is purely personal, and is based upon the existence of a contract, express or implied; and it can not be maintained against a mere trespasser, nor against a person entering and holding adversely to the plaintiff.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. H. SPROTT.

This action was brought by T. Stringfellow, against D. S Curry & Co. as partners; and was commenced on the 16th November, 1883. The complaint contained only a single count, which claimed $200 for the defendants' use and occupation of a store-house and lot in the town of Pickensville, from the 1st September, 1882, to the 1st February, 1883. The plaintiff claimed, and alleged in his complaint, that the house and lot belonged to the statutory estate of his wife; while the defendants insisted that they entered as tenants of Mrs. Kate Ivie, under a written contract made with her husband, and had never attorned to plaintiff or his wife, but had repudiated and denied their right and title. It appeared that Mrs. Ivie claimed the premises under a deed executed to her as the purchaser at a sale made by the register in chancery on the 13th June, 1881; the sale having been duly confirmed by the Chancery Court, and the deed executed on the 28th April, 1882. The decree under which said sale was made was rendered in a cause then pending in said Chancery Court, wherein Thomas J. Ivie, the husband of Mrs. Kate Ivie, was complainant, and said T. Stringfellow (the plaintiff in this suit) and his wife were defendants; the object of the bill being to enforce an alleged vendor's lien on an undivided one-half interest in said house and lot. After said sale, and after the execution of the con-

[Stringfellow v. Curry & Co.]

veyance to Mrs. Ivie as the purchaser, the decree was reversed
by this court on appeal, and a decree was here rendered dis-
missing the bill.—*Stringfellow v. Ivie*, 73 Ala. 209.

The evidence adduced by the defendants tended to show,
among other things, that the purchase-money for the lands, at
the register's sale, was paid for Mrs. Ivie by her brother; while
the plaintiff's evidence tended to show that it was paid by her
husband, who was insolvent, and who procured the conveyance
to be made to her. Said T. J. Ivie testified, as a witness for the
defendants, that said T. Stringfellow surrendered the possession
of the house and lot to him, as trustee for his wife, in July, or
August, 1881; and that he put the defendants in possesion as
his tenants, under a written contract, on the 1st September,
1882. Plaintiff, testifying as a witness for himself, stated,
" that he had never surrendered the possession of the house and
lot to said Ivie, or to any other person; that if said Ivie had
possession, he obtained it surreptitiously, and without his
knowledge or consent, and in his absence;" also, that he noti-
fied the defendants. when he found them in possession, that he
claimed the premises, and that he would require them to pay
the rent to him; " that the property was for rent, and he suf-
fered them to remain in the occupancy thereof." This being
" substantially all the evidence. the court charged the jury, that
if they believed the evidence, they must find for the defend-
ants." The plaintiff duly excepted to this charge, and he now
assigns it as error, together with several other rulings on the
pleadings and the evidence, which it is unnecessary to notice.

W. F. JOHNSTON, for appellant.—The action for use and
occupation is an equitable action, and does not require that the
techn'cal relation of landlord and tenant shall exist between
the parties.—*Davidson v. Ernest*, 7 Ala. 817; *Catterlin v.
Spinks*, 16 Ala. 471. Rent follows. the reversion, and no at-
tornment is necessary to perfect the right to it.—Code, § 2177;
*English v. Key*, 39 Ala. 113; *Tubb v. Fort*, 58 Ala. 281. If
Ivie entered, as he testified, in July, or August, 1881, except
by permission of plaintiff, he was a mere trespasser, for the
deed to Mrs. Ivie was not executed until April 28, 1882; and
he neither acquired any rights, nor could confer any on the
defendants.—*Smith v. Houston*, 16 Ala. 116. The reversal of
the decree by this court, and the opinion rendered in the cause,
show that the Chancery Court had no jurisdiction of the case
made by the bill; and the complainant having become the pur-
chaser, though in the name of his wife, he thereby acquired
no rights as against the defendants in the cause.—*Marks v.
Cowles*, 61 Ala. 299. Even if defendants entered as tenants
under Mrs. Ivie, they may show that her title has terminated,

and a payment to plaintiff would discharge them from liability to her.—*Otis v. McMillan*, 70 Ala. 46.

E. D. WILLETT, D. C. HODO, and L. M. STONE, *contra*, cited Taylor's Landlord and Tenant, §§ 154, 637; Code, § 2956; *Westmoreland v. Foster*, 60 Ala. 448; *Tubb v. Fort*, 58 Ala. 277; *Hand v. Liles*, 56 Ala. 147; *English v. Key*, 39 Ala. 113; Freeman on Judgments, § 484; Rorer on Jud. Sales, § 901.

SOMERVILLE, J.—It is entirely immaterial whether the land in controversy was purchased by Thomas Ivie, or by his wife, as a complete stranger to the judgment or decree under which the sale of it was made by the Chancery Court. If we concede all that is claimed by appellant's counsel, and assume that Thomas Ivie was the real purchaser, taking the title in his wife's name, for convenience or otherwise, and, for this reason, that the case comes fully within the principle decided in *McDonald v. Mobile Life Insurance Co.*, 65 Ala. 358 (holding that the owner of a judgment, who purchases land under an execution issued on it, takes it subject to the risk of losing title by a subsequent reversal of the judgment on appeal to this court ); nevertheless, the present action, for *use and occupation* of the land, cannot be maintained. It is shown that the defendants are in possession of the premises as the tenants of Mrs. Ivie, who, by the agency of her husband, entered upon the land, claiming it adversely as a purchaser, and holding under a deed executed to her by a register in chancery. There is a repudiation, in other words, by the defendants, of all contractual relations with the plaintiff, whether as landlord and tenants, or otherwise.

The action for use and occupation of land must be based upon the existence of a contract, express or implied, between the owner of the land and the occupant. It will not lie against a mere trespasser. Nor can it be sustained against one who is in possession of land holding adversely to the claimant, and disputing his title. The title to land, moreover, is not permitted to be tried collaterally in an action of this character, which is purely personal. These principles have been long settled in this State, and are generally recognized by the authorities elsewhere.—*Fielder v. Childs*. 73 Ala. 568; *Smith v. Houston*, 16 Ala. 111; *Davidson v. Ernest*, 7 Ala. 817; Taylor's Land. and Ten. (7th Ed.) §§ 635, 637; *Evertsen v Sawyer*, 2 Wend. 507; 1 Wash. Real Prop. (4 Ed.) 591–592, 594 (376*–377*); *Kittridge v. Peaslee*, 3 Allen, 237; Code, 1876, § 2956; see, also, *Beatty v. Brown, ante,* p. 250.

We discover no error in the record, and the judgment is affirmed.