# Lockard *v.* Barton.

*Action for Money Had and Received.*

1. *When action lies for rents received.*—A person who receives the rents of lands, while in possession under claim of title adverse to the plaintiff, is not liable to the plaintiff in an action for money had and received, although a suit in equity was at the time pending to hold him liable as trustee of the lands for the benefit of the plaintiff.

APPEAL from Macon Circuit Court.

Tried before the Hon. JAS. E. COBB.

The appellee, Ross Barton, as trustee for Clara J. Barton, brought this action against the appellant, to recover certain money alleged to have been received to his use. The case was tried on the following state of facts: In September, 1866, A. A. Barton executed to J. K. Barton, as trustee for Clara J. Barton, wife of A. A. Barton, a deed to certain property, in consideration of the indebtedness of Barton to his wife on account of her statutory separate estate, which he had received and invested in the lands, taking title in his own name. By mistake, the lands were improperly described in the deed to J. K. Barton, trustee. In the fall of 1875, Lockard recovered a judgment against A. A. Barton, on a debt accruing since 1866. An execution was issued on this judgment, and levied on the lands by their proper description, and at the sale Lockard became the purchaser; and subsequently, in the spring of 1880, recovered possession of the lands in an action of ejectment against A. A. Barton. In March, 1879, Clara J. Barton filed her bill in the Chancery Court against A. A. Barton, seeking a reformation of the deed to her trustee, as to the description of the lands. In May, 1879, Lockard, at his own request, was made a party defendant, and resisted the reformation of the deed. The Chancery Court decreed in his favor, but, on appeal, that decree was reversed by this court, and a decree en-

[Lockard v. Barton.]

tered reforming the deed, and appointing Ross Barton trustee in the place of J. K. Barton. After the bill for the reformation of the trust deed was filed, and after Lockard became a party thereto, and after his recovery of the lands in the ejectment suit against A. A. Barton, he received certain money as rents of these lands, and for this money the present action was brought. Upon these facts, the court charged the jury, that if they believed the evidence, they must find for the plaintiff, and refused a similar charge in favor of the defendant; and these rulings of the court, to which exceptions were reserved, are now assigned as error.

R. H. ABERCROMBIE, for appellant.

S. B. PAINE, and W. D. BULGER, *contra.*—The possession of Lockard was tortious and wrongful, after he became a party to the bill for reformation.—27 Ala. 498; 68 Ala. 54. The action was the proper one.—21 Ala. 741.

SOMERVILLE, J.—The action for money had and received is based upon an implied assumpsit, and, like that for use and occupation of land, can not generally be maintained against one holding lands adversely, or in repudiation of the plaintiff's title, at the time of the defendant's occupation, or the collection of rents by him.—2 Greenl. Ev. § 120; *Weaver v. Jones,* 24 Ala. 423; *Fielder v. Childs,* 73 Ala. 567. The chief reason of this rule is, that the title to lands can not be tried collaterally in a personal action of this nature; the law affording an easy remedy to the plaintiff by ejectment, with incidental damages for mesne profits as compensation for the unlawful detention of the premises.—*Cooper v. Watson,* 73 Ala. 252; *Stringfellow v. Curry & Co.,* 76 Ala. 394. While these principles were admitted in *Price v. Pickett,* 21 Ala. 741, it was further held, that "where the possession is not adverse, the true owner is entitled to recover the rents which have been received by another;" the court observing, that "in such case, it is money had and received to the use of the owner; and as the person to whom the rent was paid would be compelled to account in equity, he may also be held responsible in the equitable action for money had and received."

The present record does not show that the plaintiff was in possession of the lands in question, either at the time of suit brought, or at the time the defendant collected the rents. On the contrary, it affirmatively appears that the possession of the defendant was adverse during the period of time when the rents in controversy were collected by him, and that such collection was made under a claim of title based on a purchase of

[Rasberry v. Pulliam.]

the lands at sheriff's sale.    It does not seem to us material that a suit in equity was at the time pending against the defendant and another, to reform a deed of conveyance to the same lands, so as to declare defendant a trustee holding the legal title for the complainant, and that relief was decreed on the bill thus filed.    Perhaps, a liability to account for such rents, as in the nature of equitable mesne profits, might have been enforced in that suit, upon the theory of a trust.—Trial of Title to Land (Sedgw. & Wait), § 687; *Dozier v. Mitchell*, 65 Ala. 511. The evidence before us fails to show whether there was or was not such a recovery; nor is the decree rendered in the chancery cause introduced as evidence before us.    The question of *res adjudicata*, or former recovery, as to this matter, therefore, does not properly arise on this record.—*Adams v. Olive*, 62 Ala. 418; 1 Greenl. Ev. § 511; *Shumake v. Nelms*, 25 Ala. 126.    The defendant appears to have resisted the suit, and the rents having been collected under claim of title by one in possession, the law can infer no implied agreement on his part to pay them over to plaintiff on demand.

The court erred in refusing to charge the jury, as requested by the defendant, to find for the defendant if they believed the evidence, and also in giving the converse charge requested by the plaintiff.

Reversed and remanded.