# Powell *v.* New England Mortgage Security Co.

### *Action for Use and Occupation of Land.*

1. *When action lies.*—Under statutory provisions relating to the action for the use and occupation of land (Code, § 2715), the action can not be maintained by a married woman, against a person who is in possession of lands belonging to her statutory estate, claiming under a mortgage executed by her and her husband jointly, which, though executed in good faith under the honest belief that she had been relieved of the disabilities of coverture, has been declared void by a judicial decree; when it also appears that, after the law-day and default made, she gave written instructions to her tenants to attorn to the mortgagee, who at once entered into possession, claiming adversely to her, and has so continued to hold notwithstanding the decree declaring the mortgage void, which was rendered in a suit to which he was a party.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Virginia D. Powell, a married woman, against the New England Mortgage Security Company, to recover for the use and occupation by the defendant of a tract of land containing 400 acres, from the 1st January, 1888, to October 16th, 1889, on which last day the action was commenced. On the trial, the facts were admitted and agreed on, as follows: On the 17th March, 1881, plaintiff and her husband executed to the defendant a mortgage on said tract of land, which belonged to her statutory separate estate, all the parties then believing that she had been and was relieved of the disabilities of coverture; the consideration of said mortgage being a loan of $1,200 to her by the defendant. Plaintiff paid the interest on said loan as it became due, until January 1st, 1887, but paid no other sum on account of said mortgage, except as hereinbelow shown. On the 18th October, 1887, plaintiff and her husband executed and delivered to the defendant a written instrument directed to Mrs. E. H. Murray, who was in possession of the land as tenant, notifying her that Mrs. Powell "has this

[Powell v. New England Mortgage Security Co.]

day delivered possession" of said land to defendant, "according to the stipulations of said mortgage," and instructing her to attorn to the defendant, its agents, attorneys, or assigns. "Afterwards, and at once, defendant went into possession of said land, and by its tenant has since continuously held the same, claiming said property as its own, and adversely to the plaintiff, and was so holding when this suit was brought."

"In November, 1887, after having obtained said written instrument from plaintiff and her husband, defendant sold said land under the power contained in said mortgage, and bid off the land for itself; and afterwards, on the—day of—, 1888, filed a bill in the Chancery Court of Montgomery, seeking to have said sale and purchase affirmed or disaffirmed by plaintiff. Plaintiff demurred to said bill, and claimed that said mortgage was void because she was under the disabilities of coverture at the time of making it; which demurrer was sustained by the Supreme Court, the mortgage declared void, and the bill ordered to be dismissed. [*Powell v. N. E. Mortgage Security Co.*, 87 Ala. 602.] The bill was then amended, by setting up the order to plaintiff's tenants to attorn to defendant, and plaintiff again demurred; which demurrer has not yet been decided. The value of the use and occupation of the land is $350 annually."

"On this evidence, without more, the court charged the jury, if they believed the evidence, they must find for the defendant." The plaintiff excepted to this charge, and it is here assigned as error.

WATTS & Son, for appellant.

WM. S. THORINGTON, *contra*.

CLOPTON, J.—By the statute, an action to recover satisfaction for the use and occupation of land, is authorized only in three classes of cases: first, "when there has been a demise by deed, or by parol, and no specific sum agreed on as rent"; second, "when the tenant has been let into possession upon a supposed sale of the lands, which, from the act of the defendant, has not been consummated"; and, third, "when the tenant remains on the land by the sufferance of the owner."—Code, § 2715. The conventional relation of landlord and tenant, or an entry into possession and occupancy by permission of the owner, and in recognition of and in subordination to his title, under circumstances from which a

tenancy may be implied, is indispensable to the maintenance of the action in the first and third classes of cases. In the second, the essential elements are, a letting into possession upon a supposed sale, and the prevention of its consummation by the act of the defendant. A principle common to all the classes is, that there must exist a relation between the parties, founded on an express or implied contract, which estops the defendant from drawing the title of the owner into the controversy, and "which is clearly distinguishable from that of the true owner and a naked trespasser, or an adverse, hostile possessor." Under the statute, the action for use and occupation can not be maintained against a defendant who is in a position to set up adverse possession, and is holding adversely to the plaintiff, denying his title.—*Fielder v. Childs*, 73 Ala. 567; *Stringfellow v. Curry*, 76 Ala. 394.

As the title to the land can not be drawn into the controversy, and collaterally tried in this action, the invalidity of the mortgage, executed by plaintiff to defendant in March, 1881, is an immaterial inquiry. The mortgage, and the written instrument made by plaintiff in October, 1887, directing her tenant in possession to attorn to defendant, are material only as they may bear upon the question of an adverse holding. The entry into possession by a mortgagee, after the law-day of his mortgage, does not create the relation of landlord and tenant. He enters under his own independent claim of right and title; not by permission of the mortgagor, or in subordination to his title, though with his consent. Soon after taking possession, defendant sold under the power of sale in the mortgage, and was the purchaser. And the bill of exceptions states, referring to the time of the execution of the latter instrument, that "afterwards, and at once, the defendant went into possession of said land, and by its tenant has since continuously held the same, claiming said property as it own, and adversely to the plaintiff, and was so holding when this suit was brought." Such holding possession and claim negative the implication of a tenancy, or of any relation from which similar rights and duties result as those from landlord and tenant, and show the relation of the owner and an adverse hostile possessor.

On the admitted and uncontroverted facts, the action can not be maintained.

Affirmed.