# Grady *v.* Ibach & Co.

## *Action for Use and Occupation of Land.*

1. *When action lies.*—An action for the use and occupation of land is essentially an action to recover rent, rests on an agreement express or implied, and lies only in the cases enumerated in the statute (Code, § 2715); and it can not be maintained by an infant devisee, on attaining her majority, against one who entered, during her minority, under a contract with the lessee of the executors, when it

[Grady v. Ibach & Co.]

appears that the land was devised to them in trust, with power to rent and manage during her minority, paying the rent partly to her; that two of them died, and the others resigned before she attained her majority, and that the defendant continued to pay the rent to his lessor, who held over until her majority.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Carrie I. Grady against the several persons composing the firm of M. Ibach & Co., to recover for the use and occupation of certain premises in the city of Mobile, from November, 1883, to February, 1890; and was commenced on the 10th October, 1890. The plaintiff derived title to the premises under the will of her deceased father, D. O. Grady; and the defendant had entered and occupied under a contract with one Flanagan, to whom the premises were leased in November, 1879, for the term of one year, by said Grady's executors, and to whom also he paid the agreed rent. The court charged the jury, on request, that they must find for the defendants, if they believed the evidence; and this charge, to which the plaintiff excepted, is here assigned as error. The opinion states the material facts.

F. G. BROMBERG, for the appellant, cited *Fielder .v. Childs*, 73 Ala. 576; *Smith v. Houston*, 16 Ala. 115; *Weaver v. Jones*, 24 Ala. 424; 2 Saund. Pl. & Ev. 1175–6; 1 Camp. 466; *Osgood v. Dewey*, 13 Johns. 240; 6 Wait's A. & D. 226–7; 1 Dutch. 293; 35 Ga. 92.

W. E. RICHARDSON, contra, cited *Robinson v. Lehman, Durr & Co.*, 72 Ala. 402; *Stringfellow v. Curry*, 76 Ala. 396; *Fielder v. Childs*, 73 Ala. 568; *Caldwell v. Smith*, 77 Ala. 158; *Catterlin v. Spinks*, 16 Ala. 467; Taylor on Landlord & Tenant, § 484.

CLOPTON, J.—The appellant brings the action to recover for the use and occupation of two stores under, and a part of the Gulf City Hotel in Mobile, from November, 1883, to February, 1890. The hotel was leased to James Flanagan by the executors of D. O. Grady, who was the father of the plaintiff, for the term of one year, commencing November, 1879. In November, 1882, Flanagan sub-let the stores to defendants, who occupied them until February, 1890, renting in the meantime from, and paying the rent to Flanagan, who held over after the expiration of his lease, and continued to occupy the hotel during the entire period of defendants' occupation of the stores.

By the fifth clause of the will of D. O. Grady, under which plaintiff derives title to the premises, the testator devised and bequeathed all his real and personal property, not otherwise disposed of, to his executors, named in a prior clause, in trust, to take possession and hold the real estate, rent the same from time to time, receive the rents, pay the taxes, keep the property insured at their discretion, and pay to the wife of the testator, during her life, one-third of the net proceeds arising therefrom in lieu of dower; also, to hold, manage and control the balance of his estate, except the portion of the personal property bequeathed to his wife and certain contingent legacies, until plaintiff should reach twenty-one years of age, when they were to deliver the same, real and personal, together with what remained of the contingent fund provided in the will, to plaintiff. The executors were required to appropriate money of the estate, at their discretion, for the support, maintenance and education of plaintiff. The contingent fund, alluded to, consisted of the annual revenue remaining after paying the several sums directed, which the executors were required to keep as a fund to be applied to the payment of any debts incurred by the estate which the current net revenue was insufficient to discharge, and to be appropriated to the support of his wife, if one-third of the rents should be insufficient for that purpose. Two of the four executors resigned in February, 1881; another died in March, 1883, and the fourth in July, or August, 1886. Plaintiff became of age March 31, 1890, since which time defendants have paid her the rent for the stores.

The question arising on these facts, which are undisputed, is, can plaintiff maintain the action against defendants for use and occupation of the premises during her minority? Such action is regulated by statute, which provides that a reasonable satisfaction may be recovered for the use and occupation of land, where there has been a devise by deed or by parol, and no specific sum agreed on as rent; or, when the tenant has been let into possession upon a supposed sale of the land, which, from his act, has not been consummated; or, when the tenant remains on the land by the sufferance of the owner. Code, § 2715. The action is limited to the enumerated cases. It is essentially an action to recover rent, and rests on an agreement, express or raised by the law on the facts, to pay the value of the use of the land. As a general rule, to support the action, the conventional relation of landlord and tenant must have existed. A contract, express or implied, either creating the technical relation, or bringing the parties into a relation from which like rights and duties result, is an indis-

[Grady v. Ibach & Co.]

pensable element. These principles have been uniformly recognized by this court.—*Powell v. New Eng. Mor. & Sec. Co.*, 89 Ala. 490; *Stringfellow v. Curry*, 76 Ala. 394; *Fielder v. Childs*, 73 Ala. 567; *Weaver v. Jones*, 24 Ala. 420.

There are insurmountable obstacles to the maintenance of the action by plaintiff. In the absence of an express agreement, or of actual possession, only the owner of the legal estate can maintain an action for use and occupation.—12 Am. & Eng. Encyc. of Law, § 757. In such case, the law will not imply a promise to pay rent to other than the owner of the legal estate. It is manifest that, by the devise, the legal estate was vested in the executors. They alone were authorized to take possession and hold the real estate, and rent it and receive the rents during the minority of plaintiff. They alone could have dispossessed the tenants. The executors let the premises to Flanagan; the relation of landlord and tenant existed only between them. The plaintiff was not entitled to receive or recover the rents during her minority; she could not have maintained ejectment, or an action on the lease to Flanagan. The express contract would have supported an action against him for use and occupation after the expiration of his lease, by the executors, in their individual names, though they were accountable for the proceeds recovered. It is self-evident, that a several right of action on the same agreement can not exist at the same time in two persons, there being no several covenants. A *cestui que trust* can not maintain an action for use and occupation, where the letting was by the trustee.—Taylor on Land. & Ten., § 639. Plaintiff not having had actual possession, and there being no express contract between her and Flanagan for the rental year commencing November, 1879, or with the defendants when they first entered into possession, the law will not imply a promise from defendants to her in the absence of title.—*Couch v. McKellar*, 33 Ala. 473. If it be said that the delivery of the property to her, on attaining her majority, operated, the trust having been executed, to vest the title in her, the general rule is, that as defendants did not enter under or by her permission, she can recover for use and occupation only from the time she had the legal estate, though she may have had the equitable estate.—*Balls v. Westwood*, 2 Campbell, 13 n.; *Harris v. Booker*, 12 Moore, 283. Neither did the delivery of the property operate to substitute her in the place of the executors, so as to vest in her the right of action. Whatever might have been the effect had the trust been solely for the benefit of plaintiff, and there had been a settlement discharging the executors from liability to further account, mere taking possession

[City of Mobile v. Craft & Co.]

of the property on attaining majority can not have such effect, when the trust devolved on the executors is for other uses and parties; for this would be a substitution, by her own act, in the place of the executors, as to the trust. It matters not that all the executors had resigned· or died; a trust does not fail for the want of a trustee.

We do not wish to be understood as holding or intimating that plaintiff is without remedy, at least for the period of occupation after the authority of the executors ceased by resignation and death. It may be that she could maintain an action against Flanagan for money had and received ( *Vincent v. Rogers*, 33 Ala. 224); or hold the tenants accountable as trustees *in invitum.* As to this we express no opinion. All we decide is, that plaintiff can not, under the circumstances, maintain the action for use and occupation prior to the acquisition of the legal title, not having had actual possession.

Affirmed.