(76 South. 374)

CRABTREE v. STREET.   (7 Div. 862.)

(Supreme Court of Alabama.   June 14, 1917.)

USE AND OCCUPATION &1 — RECOVERY — GROUNDS.

Under Code 1907, § 4753(4), providing that a recovery may be had for use and occupation when the defendant has gone into possession of the land unlawfully, plaintiff could not recover for use and occupation upon the strength of his title; it being necessary to prove that defendant entered into possession unlawfully under such circumstances that he could not deny plaintiff's right to possession.

Appeal from Clay County Court; E. J. Garrison, Judge.

Action by J. C. Street against W. S. Crabtree. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Jas. W. Strother, of Dadeville, for appellant. Riddle & Riddle, of Talladega, for appellee.

SAYRE, J. Prior to the Code of 1907 it had long been the law of this state that the action for use and occupation could not be maintained against a defendant who was in a position to set up adverse possession and was holding adversely to the plaintiff, denying his title. Powell v. New England Mortgage Security Co., 89 Ala. 490, 8 South. 136. To support the action it was indispensable that there should be a contract, express or implied, either creating the technical relation of landlord and tenant or bringing the parties into a relation importing like rights and duties. Davidson v. Ernest, 7 Ala. 817; Grady v. Ibach, 94 Ala. 152, 10 South. 287. The defendant's entry must have been permissive. Fielder v. Childs, 73 Ala. 567. Moreover, it was uniformly held that in an action for use and occupation, which is purely personal, the title to land could not be tried collaterally. Stringfellow v. Curry, 76 Ala. 394. In Fielder v. Childs, supra, Brickell, C. J., used the following language, which we quote as showing what was the wisdom of the law prior to the Code of 1907:

"If there be no such relation between the parties as estops the defendant from disputing the title of the plaintiff—if the defendant is in possession tortiously, holding adversely to, and not under license from the plaintiff—there could not be a recovery for use and occupation upon the mere strength of the plaintiff's title, unless, in a transitory personal action, founded on contract, the issues of an action of ejectment, or other corresponding real action, were tried and determined. The proposition is general, if not universal, that the law will not permit the title to lands to be inquired into directly in personal actions. There are more appropriate remedies appointed for contests of title, which parties must pursue. They are adequate to the redress of the wrongs they are designed to remedy, and it would be attended with perplexing confusion and great practical mischief if parties were not limited and confined to them."

The subject of "Use and Occupation" has always been placed in our Codes in the chapter dealing with the more comprehensive subject of "Landlord and Tenant." This, for the reason, of course, that, as pointed out in the cases cited above, it has always been considered as indispensable to the action that the parties should stand in the relation of landlord and tenant, or in a relation importing like rights and duties. By section 4753 of the Code of 1907, defining the cases in which a recovery may be had for the use and occupation of land, and which is still a part of the chapter on "Landlord and Tenant," section 2722 of the Code of 1896, which constituted the statutory expression of the law as we have stated it, was amended by the addition of a provision to the effect that the action for use and occupation would lie "when the defendant has gone in possession of the land unlawfully," and that "the owner of the land" should have a lien and a remedy by attachment in like case and to the same extent as the remedy given to landlords in other sections of the Code. Construed in conformity with the view urged by appellee—that any person in possession of land may be held to answer to the true owner in the personal action of assumpsit for use and occupation without reference to those limitations which the law had placed upon such actions prior to the Code of 1907—this addition to the section would be utterly out of harmony with its other provisions, which were left undisturbed, and would send the learning of all the law books on the subject to the scrap pile. The Legislature might have doubtless it did not so intend. If this addition to the section of the Code were construed as applicable to cases in which there is no relation between the parties, nor any sound policy on which the defendant might be denied the right to contest plaintiff's title, it could not operate in cases triable before justices of the peace, for, if defendant got his possession peaceably, under claim of title, and not under conditions of contract that would estop him to deny plaintiff's title, the issue would depend upon a trial of the legal title which could not be there had. Preserving as far as may be the harmony of the law on this subject, the term "unlawfully," as used in the addition to the section, is held to indicate a possession acquired by an intrusion without bona fide claim of title upon plaintiff's actual

---

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

peaceable possession. Appellee's contention was that the title was in him, and that appellant had "slipped" into the possession he held at the commencement of this suit; appellant claimed to own the land, and offered evidence going to show that he had inherited the title to an undivided interest from his ancestor, and that he and his ancestor had held possession continuously for many years before suit brought. The trial court instructed the jury that appellee had "made out his case sufficiently strong that he is [was] the owner of the lands and can maintain the suit under this statute"—this upon the theory, we presume, that appellee had shown a legal title under a proceeding for the foreclosure of a mortgage executed by appellant's ancestor. In this the court erred. Evidence of title as a basis of action or defense had no proper place in the trial. Under the addition to the statute—and it was not claimed that appellee, plaintiff, had any standing under any other part of it—it was necessary that appellee should show that appellant, defendant, had entered upon appellee's possession under such circumstances, i. e., by a tortious intrusion upon his peaceable actual possession, that he (appellant) should not be heard, so far as concerned his liability for use and occupation, to deny appellee's better right to the possession. This, we take it, is the unlawful entry contemplated by the addition to the statute. And by the same token the owner of the land of which the addition speaks is the person whose right to possession the defendant will not, by reason of his unlawful entry, be heard to deny.

Other assignments of error are not urged, and they need not be considered.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.