# Lankford *v.* Green.

### *Action for Use and Occupation of Land.*

*Action for use and occupation ; when will not lie.* — A plaintiff in ejectment, put in possession as against a third person, cannot maintain an action for use and occupation against the tenant, by contract, of one who held the premises adversely to the parties to that suit — neither landlord nor tenant being parties or privies — although the plaintiff demanded rent of the tenant, who is not shown to have acquiesced in the claim, and thereafter made no effort to dispossess him.

APPEAL from Circuit Court of De Kalb.

Tried before Hon. W. J. HARRALSON.

Appellee, Green, brought this action against appellant, Lankford, for use and occupation of land. Under the rulings of the circuit court the jury returned a verdict for the plaintiff. There were numerous exceptions to the ruling of the court below which it is unnecessary to set forth, as the case turned upon the right of the plaintiff, under the facts stated in the opinion, to maintain the action.

M. J . TURNLEY, for appellant. — Under the facts of this case "use and occupation" will not lie. *Shumaker* v. *Nelms*, 25 Ala. 126 ; *Weaver* v. *Jones*, 24 Ala. 420. Appellant was not plaintiff's "tenant by sufferance." 2 Blackstone, 150.

COOPER & WALDEN, *contra*, argued that the case came within the spirit of § 2607 R. C.

[Lankford v. Green.]

JUDGE, J. — The record of the present case discloses, in substance, the following facts : The appellee recovered the lands, for the use and occupation of which the suit is brought, in April, 1870, in a real action against one Mary Lankford, to which she made no defence. At the time of appellee's recovery, one John M. Lankford and the appellant were in the joint possession of the premises, the latter holding under a contract with the former, founded on a valuable consideration, as a "cropper," for the year 1870. Previous to the making of this contract, John M. Lankford had been in possession of the premises for many years, holding under color of title, and adversely to all the world. John M. Lankford and appellant, nor neither of them, were parties or privies to the action against Mary Lankford, which, so far as the record discloses, determined nothing but the right of the plaintiff to recover of the defendant. After the recovery against Mary Lankford, the sheriff, with a writ of *habere facias possessionem*, rode over a field on the premises in company with the appellee — no other person being present — and told him that he put him in possession under said writ; both then rode off together. Subsequently, in the month of June, 1870, appellee gave notice to the appellant in writing, sent by a third person, that he would claim rent of him for the premises ; but there was no evidence that appellant ever, at any time, acquiesced in, or acknowledged the rightfulness of his claim. Appellee testified that he suffered appellant to remain on the premises by making no effort to dispossess him.

An action for the use and occupation of lands could not be maintained at the common law. Wherever the right to maintain such an action exists, it is conferred by statute. Our own Code prescribes when the action may be maintained in this State. It is when the demise is by deed or parol, and no specific sum is agreed on for rent ; when the defendant has been let into possession on a sale of lands, which he has failed to consummate ; and when the tenant remains on the land by the sufferance of the owner. Rev. Code, § 2607.

It is contended that the facts of the present case authorize the appellee to maintain this action, under the section of the Code above quoted, on the ground that appellant remained on the land by the sufferance of appellee as the owner. We are unable to give our assent to this view. Appellant was never constituted the tenant of appellee by a demise express or implied. On the contrary, he entered under and upon an express contract on valuable consideration, by which he became liable to another ; and an implied promise to one cannot be raised in the face of an express promise to another for the same consideration. *Shumaker* v. *Nelms*, 25 Ala. 126.

[Daniels v. Hamilton.]

The ruling of the circuit court upon this question was in conflict with the views expressed in this opinion ; and deeming it unnecessary to notice any other question presented by the record, we direct that the judgment be reversed and the cause remanded.