[Burgess v. American Mortgage Company of Scotland.]

to redeem in all cases of execution sales precisely what passed by the sale, whatever that may or may not be; and if he stands in the same relation to the land he did at the time of lien attached or levy made, except as affected by the levy and sale itself, he is entitled to redeem from the sale upon the one naked fact that he is the débtor in execution. That F. M. Prestwood, prior to the levy of the execution and prior to the attachment of any lien under Henderson's judgment or execution, conveyed the land in controversy to his wife was an immaterial fact in this case, and the circuit court properly excluded the deed offered for the purpose of proving it. Whether this action of the trial court is justified upon the further ground that the proposed evidence would have injected an inquiry involving title into this action of unlawful detainer, we do not consider.

Affirmed.

# Burgess *v.* American Mortgage Company of Scotland.

*Action of Assumpsit for the Recovery of Rent.*

1. *Action for rent; sufficiency of complaint.*—In a suit commenced by attachment for the recovery of rent, a count in the complaint in which the plaintiff claims of the defendant "One hundred and fifty dollars due by an account for the rent of land [describing it] for the year 1895, with interest thereon from December 25, 1895," and averring "that said rent was due plaintiff on, to-wit, December 25, 1895," is demurrable, in that it fails to aver that the lands were demised by the plaintiff to the defendant in the year specified; and such count constitutes no more than an action on an open account for rent for the year named.

2. *Same; same.*—In such an action, a count of the complaint which claims of the defendant "One hundred and fifty dollars, due on a rental contract executed by the defendant in January, 1895, for the rent of land in Pike county, known as the Burgess place, for the year 1895, with interest thereon from December 25, 1895," and "that said rent was due plaintiff on, to-wit, the 25th day of December, 1895," is not subject to demurrer upon the grounds that it fails to describe with sufficient certainty the land so as to give plaintiff a lien for rent, or that it fails to state to whom the contract was due or the land rented,

or that it does not appear from said count that the plaintiff. has a lien for rent.

3. *General objections to questions asked; presumption on appeal.* Where on the trial of a cause the court sustains objections to questions propounded to a witness by the appellant, and the grounds of the objection are not set out, and it does not appear from the bill of exceptions that the answers sought to be elicited would not have been immaterial or otherwise illegal, this court, on appeal, will not presume, in order to put the trial court in error, that the answers to these questions, if they had been made, would have been legal evidence; and such ruling, so presented, will not work a reversal.

4. *Evidence; testimony as to statements by deceased agent of plaintiff inadmissible.*—In an action to recover rent for lands, where it is shown by the evidence that the defendant rented the lands from plaintiff's agent, and that the agent is dead, the defendant is not a competent witness as to statements and representations made by the agent at the time the lease was made; and the testimony by the defendant as to any statement or transaction with such deceased agent in reference to the lease is inadmissible.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

On September 11, 1895, the appellee instituted this suit in the circuit court of Pike county by an attachment upon affidavit and bond. At the succeeding term of the circuit court, the plaintiff filed the following complaint : "The plaintiff claims of the defendant the sum of one hundred and fifty dollars due by an account for the rent of land in Pike county, Alabama, known as the Burgess place, for the year 1895, with interest thereon from December 25th, 1895; that said rent was due plaintiff on, to-wit, Dec. 25th, 1895.

"Plaintiff claims of the defendant the sum of one hundred and fifty dollars due on a rental contract executed by the defendant in January, 1895, for the rent of land in Pike county, known as the Burgess place, for the year 1895, with interest thereon from Dec. 25th, 1895 ; that said rent was due the plaintiff on, to-wit, the 25th day of Dec. 1895."

To the first count of the complaint, the defendant demurred upon the following grounds : "First. Because said count does not show there was a contract by defendant to pay plaintiff rent. Second. Because said count fails to show that plaintiff has a lien on defendant's crop for rent. Third. Because said count fails to describe any crop upon which plaintiff has a lien for rent. Fourth,

[Burgess v. American Mortgage Company of Scotland.]

Because said count fails to describe with sufficient certainty the land and crop, or either of them, so as to give him a lien for rent." To the second count the defendant demurred, assigning all of the grounds interposed to the first count, and the following other grounds : 5th. That the said count fails to state to whom the contract was due or the land rented, or that there was a crop grown on the land thus rented. 6. That it does not appear from said second count that the plaintiff has a lien for rent. The court overruled these demurrers, and the defendant separately excepted.

Issue was joined on the general issue ; and the tendencies of the evidence for the plaintiff and the defendant, as shown upon the trial, are sufficiently stated in the opinion.

The defendant offered to prove that shortly after said land was sold, the plaintiff tried to sell the same, and was offered $2,000 for it, to be paid as soon as the plaintiff could give possession. The plaintiff objected to this evidence, which objection the court sustained, and the defendant duly excepted.

At the request of the plaintiff, the court gave the general affirmative charge in its behalf, to the giving of which charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error, first, the action of the court in overruling the demurrer to the complaint ; second, the ruling of the court in sustaining the plaintiff's objection to the questions propounded to the defendant as a witness ; third, the action of the court in not allowing the defendant to show that after the sale of the land under the mortgage, the plaintiff tried to sell it and was offered $2,000, to be paid as soon as the plaintiff could give possession ; and, fourth, the action of the court in giving the general affirmative charge for the plaintiff.

M. N. CARLISLE and E. P. MORRISSETT, for appellant.

WORTHY, FOSTER & CARROLL, contra.—The court correctly ruled in refusing to allow the questions propounded by the defendant's counsel to the defendant himself.—Bell v. Reynolds, 78 Ala. 511 ; Caldwell v. Smith, 77 Ala. 158.

HARALSON, J.—1. The suit was by attachment, commenced by appellee against appellant. The character of the attachment, and upon what property levied, is not disclosed. The complaint contains two counts, the first of which alleged one hundred and fifty dollars to be "due by an account for the rent of land in Pike county, Alabama, known as the Burgess place, for the year 1895, with interest thereon from December 25th, 1895," with additional averment "that said rent was due plaintiff, on, to-wit, Dec. 25, 1895."

The defendant, if a mere trespasser, and if he occupied the land as such, could be made liable, if at all, in action of trespass to recover damages for his tortious entry and holding of the premises.—*Weaver v. Jones*, 24 Ala. 423. If he occupied under a contract, definite as to the time of renting, and amount to be paid, he was liable in assumpsit on the contract, the form of action being prescribed in the Code.—Form 30, p. 795. Or, if not falling in either of these categories of liability, and coming within one of the three defined cases provided in section 2715 of the Code, an action for use and occupation might be sustained against him, as per form 31 of the Code. That section provides for the maintenance of this action,—in the first and third cases specified,— "when there has been a demise by deed, or by parol, and no specific sum agreed on as rent;" or, "when the tenant remains on the land by the sufferance of the owner." It has been settled, that "the conventional relation of landlord and tenant, or an entry into possession and occupancy by permission of the owner, and in recognition of and in subordination to his title, under circumstances from which a tenancy may be implied, is indispensable to the maintenance of the action in the first and third classes of cases;" and that a principle common to all the classes is, "that there must exist a relation between the parties founded on an express or implied contract, which estops the defendant from drawing the title of the owner into the controversy."—*Powell v. New Eng. Mortg. Sec. Co.*, 89 Ala. 491; *Grady v. Ibach & Co.*, 94 Ala. 152, and authorities there cited.

The first count in the complaint, is manifestly bad. Ignoring the form prescribed,—which it is safer, generally, in practice to follow,—it fails to aver that the lands were demised by the plaintiff to the defendant in

the year specified, and is no more than an action on an open account for rent for the year 1895. It was liable to the demurrer interposed in its first ground. The other grounds, having reference to the lack of averment in respect to the crop grown on the rented land and the lien thereon, are, under the facts set out, unintelligible. It does not appear that the attachment was to enforce a crop lien. ·

The second count, as for the objections raised to it by the demurrer, was good.

2. The evidence on which the plaintiff relied for a verdict was, that in the year 1887, the defendant and his wife executed a mortgage to plaintiff on the land, out of which the rent sued for in this case grew, to secure a loan by plaintiff to defendant of $1,000, which mortgage was foreclosed in the year 1892, and plaintiff became the purchaser at the foreclosure sale, and held the auctioneer's certificate, and that the time for defendant to redeem expired on the 14th November, 1894, and he had not redeemed ; that afterwards, in February, 1895, the plaintiff brought an action of unlawful detainer in a justice's court, to recover from defendant the possession of said land, which was determined in favor of plaintiff, and on appeal to the circuit court, it was tried on a question of fact as to whether or not proper demand had been made in writing before suit brought, and whether the defendant had rented the lands before suit, and a verdict and judgment were rendered in favor of defendant ; that on the trial of that case, the defendant testified in his own behalf, that early in January, 1895, and before the unlawful detainer suit was brought, he rented said land from John D. Gardner, and agreed to pay him $150 for the rent of it for the year 1895 ; and it was "shown that at the time, said John D. Gardner was the attorney of the plaintiff and its agent, to the extent of having authority from plaintiff to rent said land and bind the plaintiff thereby."

The defendant sought to defend on the ground that he had not rented the land from plaintiff or its agent. He testified in his own behalf, as he had done in the unlawful detainer suit, that he rented said land in January, 1895, for the sum of $150, from the said John D. Gardner. He was then asked the questions by his counsel : "State whether or not said Gardner represented

to you at the time you rented said land, that he was the agent of the plaintiff? Did he or not represent to you, that he was not the agent of the plaintiff? State whether or not he did represent to you that he was the agent of another person, and whether or not another and different person purchased said land, at the fore-closure sale? And that he was the agent of such other person? And did you or not rent the land from Gardner as the agent of such other person? State whether or not you ever rented said land from the plaintiff or its agent?" It is stated, that each of these questions was objected to by counsel for plaintiff as they were severally asked, and the court sustained each objection, and the defendant excepted separately to each ruling as it was made. What the objections were is not stated, and they are to be taken as general. The general rule in refer-ence to the admission or rejection of evidence is, that the party taking a bill of exceptions must affirmatively show error to his prejudice, or the proceedings will not be disturbed.—*Burns v. The State*, 49 Ala. 373. We can not presume, in order to put the court in error, that the answers to these questions, if they had been made, would have been legal evidence.—*Bedwell v. Bedwell*, 77 Ala. 589; *Perry v. Danner*, 74 Ala. 485; *Allen v. The State*, 73 Ala. 23. Besides, it had been shown, that John D. Gardner, whose statements of a transaction be-tween him and the defendant, sought to be introduced by answer to these questions, was dead, and that he was the agent of the plaintiff at the time he rented the lands to defendant, having authority to rent them. Any statement, therefore, as to the transaction with, or state-ment by the deceased, who acted in a representative capacity, at the time, for the plaintiff, was not legal or proper evidence, if objected to, and there was no error in its exclusion so far as has been made to appear. Code of 1886, § 2765, as amended, Acts 1890-91, p. 557.

The other questions propounded to defendant by his counsel, set out on page 5 of the abstract, do not appear to have been objected to or answered, and can not be made the basis of an assignment of error.

There is no merit in the 3d assignment of error. The plaintiff by the uncontradicted evidence, had made out his case, and there was no error in giving the general charge as requested in his favor.

Affirmed.