# Mooty *v.* Doyle, *et. al.*

## Use and Occupation.

(Decided April 16, 1911. 55 South. 436.)

1. *Use and Occupation; Nature and Ground.*—An action for use and occupation under subdivisions 1, 2 and 3 of section 4573, Code 1907, is authorized only in case of a relation between the parties, founded on an express or implied contract, which estops defendant from drawing title in the controversy; subdivision 4 of said section, added by the code committee, is intended to permit recovery only by one in possession for the unauthorized use of his land by the trespasser against his possession, and cannot be maintained by one who never had possession of the land, actually or constructively, prior to the bringing of the suit.

2. *Same; Evidence.*—Where the action is under subdivision 4, section 4753, Code 1907, on the ground that defendant had gone into possession wrongfully, the plaintiff can introduce deeds of the land only if he derived the right of possession through them, and then only after showing that he was in the actual or constructive possession of the land when the defendant went on it, and this only for the purpose of showing the extent of his possession.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action for use and occupation of a house, begun by attachment in the justice court by R. O. Mooty against David Doyle and carried by appeal to the circuit court where there was judgment for the defendants and plaintiff appeals. Affirmed.

[Mooty v. Doyle, et al.]

R. J. HOOTEN, for appellant. The court erred in the exclusion of the deed from Roberson to Mooty as the action was maintained under subdivision 4 of section 4753, Code 1907, and there is no way of showing the nature of the possession than by an exhibition of the muniments of title.—*Bailey v. Bleackshear Co.*, 142 Ala. 254; see, also, 108 Ala. 327; 107 Ala. 489. The court erred in declining to permit the plaintiff to amend his complaint so as to make Matilda Robinson plaintiff for the use of Mooty.—Section 5367, Code 1907; 54 Ala. 271; 131 Ala. 197; 1227 Ala. 577; 27 Ala. 592; 57 Ala. 80; 58 Ala. 314.

STELL BLAKE, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—The action for use and occupation of land was unknown to the common law, and section 4753 of the Code prescribes the only classes of cases in which it can be maintained in this State.—*Lankford v. Green*, 52 Ala. 103.

In all cases brought under subdivisions 1, 2, and 3 of the above section of the Code, "there must exist a relation between the parties founded on an express or implied contract which estops the defendant from drawing the title of the owner into the controversy."—*Burgess v. Amer. Mortgage Co. of Scotland*, 115 Ala. 468, 22 South. 282.

The code committee added subdivision 4 of the above section, which reads as follows: "When the defendant has gone in possession of the land unlawfully." This subdivision was intended to authorize one in possession of land to recover for the unauthorized use of his land by a trespasser against his possession, which could not be done prior to the adoption of the present Code.—*Weaver v. Jones*, 24 Ala. 423; *Burgess v. American*

*Mortgage Co. of Scotland, supra.* In order to recover for trespass to land, a party must be in the actual or constructive possession of the land at the time of the Trespass.—*Buck v. L. & N. R. R. Co.,* 159 Ala. 305, 48 South. 699.

There was no evidence in this case from which it can be inferred that plaintiff ever had, prior to the commencement of this suit, the actual or constructive possession of the land for the use and occupation of which this suit was brought. He offered in evidence a deed from Matilda Roberson to *Mrs. R. O. Mooty,* made in 1906, conveying the lands, and a deed from the Tuskegee Normal School to the same land, made to Matilda Roberson in 1902; but neither Matilda Roberson nor the Normal School was shown to have ever been in possession of the land. The plaintiff is evidently a man, while the deed from Matilda Roberson was to *Mrs. R. O. Mooty,* a woman. The deeds were not admissible in evidence, and the court committed no error in excluding them. If the plaintiff had shown that he was, when defendants went on the land, either actually or constructively in possession of it, the deeds might, if he derived the right to the possession through them, have been admissible for the purpose of showing the extent of his possession, but for no other purpose.—*Barnwell v. Stephens,* 142 Ala. 609, 38 South. 662.

The evidence for the defendants showed that they were in possession of the land, during the period covered by this controversy, as tenants of John Roberson, who was the husband of Matilda Roberson, and who had not signed the above-mentioned deed to *Mrs.* Mooty, and that the plaintiff had sued John Roberson in an action of ejectment, and had lost his case. In other words, the plaintiff failed to show that he had ever had possession, actually or constructively, of the land prior

to the bringing of the suit, and the evidence of the defendants tended to show that he *had not had* possession of the land, either actually or constructively, prior to the bringing of the suit. This being the condition of the evidence, the court committed no error in giving to the jury the affirmative charge, requested in writing by the defendants.

The judgment of the court below is affirmed.

Affirmed.