# Hamilton, *et al. v.* House.

## *Assumpsit.*

(Decided Nov. 21, 1912.    50 South. 429.)

1. *Landlord and Tenant; Rent; Persons Liable.*—Where the undisputed evidence shows that the person taking possession of the land under a contract with the lessee did not agree to be bound by the terms of the lease, but on the contrary expressly refused to make such agreement, such person was not liable to the landlord for the rent, since one cannot become liable as the assignee of another's contract, unless he accepts or assents to an assignment to himself.

2. *Same.*—Where the action was for rent against a person taking possession of the land under a contract with the original lessee, and the evidence made it a question for the jury as to whether the landlord accepted the defendant as tenant in the place of the original tenant, a charge asserting that if the landlord treated the original tenant as tenant until the rent was due and suit was commenced, this defendant was not liable, was proper, as the landlord could not make claim against the original tenant and this defendant for the rent.

3. *Same; Lease; Agreement.*—Where a lease contained no provision against a sub-letting, one entering possession under an agreement with the lessee was not necessarily an assignee of the contract.

4. *Appeal and Error; Harmful Error; Instruction.*—In an action for rent against one taking possession of land under a contract with the lessee, an instruction that such person was not liable as an assignee unless recognized by the landlord as his tenant, was not prejudicial to the landlord where the evidence showed without conflict that such person did not agree to be bound by the lease.

5. *Use and Occupation; Nature and Grounds.*—To support the statutory action for use and occupation, the defendant must either have come into possession unlawfully, thereby subjecting himself to liability under subdivision 4, section 4753, Code 1907, or have been a party to a contract, express or implied, creating between him and the landlord the technical relation of landlord and tenant, or a relation importing like rights and duties, and where a person acquires his possession under an agreement, with a lessee who had a right to sublet, his possession was not unlawful within the meaning of the above subdivision and section.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by T. A. Hamilton, as executrix, and others against F. M. House for use and occupation. Judgment for defendant, and plaintiffs appeal. Affirmed.

The complaint contains several counts for money had and received, for conversion, and for use and occupation. It appears that the plaintiff had rented the land to one Scott for a stipulated rent of $90, payable at a certain time, and that said Scott entered upon the use and occupation of the land, but later surrendered the possession to said House, and the land to the defendant House; but it is not shown that House had assumed Scott's contract. The following are the charges referred to in the opinion :

Assignment 4: "The plaintiffs are entitled to recover from defendant for the land at the rate of $3 per acre for the land cultivated by Mr. House of the Hamilton Ingram tract in 1910, if they believe that the leasehold interest was assigned by Scott to House; otherwise, plaintiffs are entitled to recover the reasonable rental value of said land for 1910."

Assignment 8: "I charge you that if Hamilton leased the land to Scott for 1910, and on or about March, 1910, Scott turned the house over to House, and assigned orally his lease to House, then House is liable to Hamilton for the amount of the land cultivated by House in cotton at the rate of $3 per acre."

The oral charge of the court, excepted to, was as follows: "I charge you, in order to make Mr. House liable as assignee of the leasehold interest, there must have been a recognition of House by Hamilton as his tenant. If there was no relation of landlord and tenant existing between Hamilton and House, then House would not be liable." (3) "If Hamilton treated Scott as his tenant until the time the rent became due, and until suit

was commenced, then House would not be due anything to Hamilton."

C. H. YOUNG, and BLACKWELL & AGEE, for appellant. Plaintiff was entitled to recover for use and occupation. —Subdivisions 1 and 4, section 4753, Code 1907. When Scott sold out to House, and the latter entered upon the land for the whole of the term, that is the cropping, he became the assignee of the leasehold entry in privity with the owners of the land, and as such became liable for the rent which was due Oct. 1st.—16 Am. St. Rep. 274; 10 Am. St. Rep. 558; 86 Am. Dec. 384; 18 A. & E. Enc. of Law, 669; 24 Cyc. 1179. On these authorities, the court erred in giving the charges for defendant and refusing those requested by plaintiff.

TATE & WALKER, for appellee. Use and occupation is statutory, and it is only by virtue of the statute that it can be maintained.—*Langford v. Green,* 52 Ala. 103. In order to maintain this action, it was, therefore, neces- sary that defendant either came into possession wrong- fully, or under some contract raising the technical rela- tion of landlord and tenant.—*Fielder v. Childs,* 73 Ala. 567; *Stringfellow v. Curry,* 76 Ala. 394; *Powell v. N. E. M. Co.,* 89 Ala. 490; *Grady v. Ibach,* 94 Ala. 152; *Mooty v. Doyle,* 1 Ala. App. 577, and authorities cited.

WALKER, P. J.—The possession of the land for the use and occupation of which during part of the year 1910 the defendant was sought to be made liable was acquired by him from one Scott, who held it under a rental contract entered into by him with the plaintiffs. Under the evidence in the case the defendant cannot be held liable as the assignee of that contract, as the evi- dence, without conflict, showed that he never agreed to be bound by its terms. On the contrary, he expressly

refused to agree to pay the amount of rent which Scott had by that contract promised to pay. For one to become liable as the assignee of another's contract it is essential that he accept or assent to an assignment of it to himself.—4 Cyc. 29; 24 Cyc. 978. In view of the conclusion just stated, it is plain that the plaintiffs could not have been prejudiced by the part of the court's oral charge excepted to, which stated a hypothesis for holding the defendant liable as an assignee of Scott's rental contract, as none of the evidence in the case tended to show that such liability existed. It also follows from that conclusion that the court was justified in refusing to give the written charges referred to in assignments of error numbered 4 and 8.

Under the evidence it was. a question for the jury whether the plaintiffs accepted and looked to the defendant as their tenant in the place of Scott, though the defendant did not assent to the terms of Scott's rental contract. They could not sustain the inconsistent claims that Scott remained their tenant under his contract and that at the same time they accepted the defendant as a substituted tenant under a different contract. The parts of the oral charge bearing upon this inquiry to which exceptions were reserved were free from error.

To support the statutory action for the use and occupation of land, the defendant must either have gone into possession of the land unlawfully, thereby subjecting himself to such liability under the fourth subdivision of the statute (Code, § 4753), or he must have been a party to a contract, express or implied, creating between him and the one seeking to hold him so liable the technical relation of landlord and tenant, or a relation importing like rights and duties.—*Burgess v. American Mortgage Co. of Scotland,* 115 Ala. 468, 22 South. 282; *Grady v. Ibach & Co.,* 94 Ala. 152, 10 South. 287; *Mooty*

*v. Doyle,* 1 Ala. App. 577, 55 South. 436. There was no evidence tending to show that the defendant went into possession of the land unlawfully. His possession was acquired from one who, by rental contract with the plaintiffs, was entitled to the possession for a term covering the period during which the defendant had the use of the land. The plaintiffs could not sustain the claim that, as to them, the defendant was a trespasser, as by their rental contract with Scott they had divested themselves of the right of possession for the period of the defendant's use and occupation.—*Mooty v. Doyle, supra.* The court was justified in refusing to give the written charge referred to in the ninth assignment of error by the fact that that charge improperly assumed the existence of evidence tending to show that the defendant went into the possession of the land unlawfully.

Scott's rental contract, which is not claimed to have contained a provision against subletting, vested him with such a right to the land as to entitle him to let the defendant into the possession of it without the latter becoming the assignee of that contract. The statement of this obvious proposition discloses a fault in each of the refused charges referred to in the fifth and sixth assignments of error.

Affirmed.