(76 South. 914)

RUTHERFORD v. COWLING. (5 Div. 678.)

(Supreme Court of Alabama. Nov. 15, 1917.)

CONTRACTS ☞324(1)—REMEDY FOR BREACH—COMMON COUNTS—SPECIAL CONTRACTS.

Where there was a special· contract under which nothing remained to be done except for defendant to pay the amount agreed upon, plaintiff could declare on a breach or on the common counts as for the money so due.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Assumpsit by E. M. Cowling against O D. Rutherford. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

The action was upon the common counts. The defense was payment and the general issue. The proof showed for plaintiff an agreement for the use of a right of way over plaintiff's land, at the sum of $75 for the first year and $60 for the succeeding year. The evidence for defendant tended to show that there was no fixed agreement as to price.

W. P. McGaugh, of Montgomery, and Eugene Ballard, of Prattville, for appellant. Frank W. Lull, of Wetumpka, for appellee.

ANDERSON, C. J. There was proof from which the trial court could infer the existence of a special contract and that nothing remained for either party thereto to do, other than for the defendant to pay for the use of the right of way, and the plaintiff could have declared upon a breach or upon the common counts as for the money so due. Elrod Lumber Co. v. Moore, 186 Ala. 430, 65 South. 175. It was open for the trial court to find, from the plaintiff's evidence, a special contract for a sum certain for the use of the right of way, and that the sum equalled the amount of the judgment rendered, after allowing proper payments and offsets. True, the defendant and· his partner denied a special contract as for a sum certain to be paid, as well as the extent of time the right of way was used; but the trial court saw and heard the witnesses, the case being tried without a jury, and we cannot say that the judgment was plainly contrary to the weight of the evidence or that we would disturb a similar finding by a jury. Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 54, and cases there cited. Plaintiff testified that after fixing the price, etc.:

"Mr. Allen replied, 'That is pretty steep; I reckon, though, we will take it; we need to take our lumber to the market.'"

The proof also shows that they proceeded to use it.

The case of Burgess v. Am. Mortgage Co., 115 Ala. 468, 22 South. 282, is not an authority against the well-established principle that an action on the common counts will lie to recover money due upon an express contract, when it has been fully executed and nothing remains except to pay the money due thereunder. That was an attachment for rent, and the complaint was for rent and was attempted under form 30 of the Code, and the court held that· it was subject to demurrer for failing to aver that the land had been demised as required by said form.

The cases of Lankford v. Green, 52 Ala. 103, and Stringfellow v. Curry, 76 Ala. 394, have no application to the present case, as this is not an action for use and occupation, but for money due upon an express contract fully executed, except as to the payment of the money due thereunder.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.