(100 South. 226)

## DAVIS v. REED. (6 Div. 105.)

(Supreme Court of Alabama. April 24, 1924.)

**1. Landlord and tenant ⬅230(1)—Count of complaint in action for rent held demurrable.**

In action for rent, count of complaint which did not follow Form 30, Code 1907, vol. 2, p. 1200, and failed to aver any demise by plaintiff to defendant, or any rental contract, or that defendant occupied the property under rent contract, *held* demurrable.

**2. Use and occupation ⬅8—Count of complaint in action for use and occupation held demurrable.**

In action for use and occupation of land, count of complaint failing to aver property belonging to plaintiff *held* demurrable under Code 1907, vol. 2, p. 1201, form 31.

**3. Landlord and tenant ⬅230(1)—Count in action for rent held not demurrable, though not in statutory form.**

Under Code 1907, §§ 4731, 4737, a count of a complaint, in action for rent, averring defendant owed plaintiff stated amount for rental of described property for stated time and that defendant occupied during that time as tenant of plaintiff, *held* not demurrable, though not in conformity with Code 1907, vol. 2, p. 1200, form 30.

**4. Appeal and error ⬅1040(4)—Sustaining demurrer to count of complaint held harmless error in view of other counts.**

Erroneous sustaining demurrer to count of complaint *held* not reversible error, where same cause of action was stated in other counts under which plaintiff had benefit.

**5. Landlord and tenant ⬅231(2)—Use and occupation ⬅9—Exclusion of evidence showing duration of occupation under lease and after it expired held error.**

In action for reasonable rent for property to particular date and use and occupation after that date, exclusion of evidence tending to show how long defendant was in possession of land under leases and how long he remained by sufferance of lessor after expiration of leases *held* improper.

**6. Evidence ⬅471(27)—Occupancy of land is fact to which witness with knowledge may testify.**

Possession or actual occupancy of land is a fact to which a witness with knowledge of it can testify.

**7. Use and occupation ⬅9—Evidence of title as a basis of action or defense improper.**

In action for the use and occupation of land, evidence of title as a basis of action or defense has no proper place.

**8. Landlord and tenant ⬅231(2)—Use and occupation ⬅9—Evidence affecting plaintiff's title held properly excluded.**

In action for rent and for use and occupation of land acquired by plaintiff, during defendant's occupancy, from widow whose right was derived through probate court proceedings, evidence relating to such proceedings admissible only on issue of extent of possession, which was not in dispute, *held* properly excluded; title of plaintiff or his grantor being not before court.

**9. Landlord and tenant ⬅231(2)—Use and occupation ⬅9—Deed to plaintiff of land held admissible to show assignment of right to sue.**

In action for reasonable rent and for use and occupation of property by defendant under and after expiration of a lease by plaintiff's grantor, deed to plaintiff was, under Code 1907, §§ 4731, 4737, and section 4753, subds. 1 and 3, admissible to show an assignment to plaintiff of rent to accrue under lease or of other right to recover for use and occupation and to fix date from which plaintiff was entitled to recover, though inadmissible to show title in plaintiff.

**10. Vendor and purchaser ⬅196—Grantee of land entitled to recover of occupant rent subsequently accruing or compensation for use and occupancy.**

A grantee of land is entitled to recover from grantor's lessee rents subsequently accruing, or, if the lease has expired, he is entitled to recover for use and occupancy.

**11. Landlord and tenant ⬅231(2)—Use and occupation ⬅9 — Deeds to plaintiff showing title held properly excluded.**

In action for rent under lease made by plaintiff's grantor and for use and occupation after expiration of such lease term, deeds to plaintiff by children of his grantor, releasing their interests in the land, *held* properly excluded; plaintiff's title being not involved, and neither of the grantors in such conveyances being lessors under whom plaintiff claimed.

**12. Landlord and tenant ⬅231(2)—Use and occupation ⬅9—Letter by plaintiff's grantor's daughter claiming of defendant interest in rents held properly excluded.**

In action for rent accruing under lease by plaintiff's grantor and for use and occupancy of land after expiration of lease period, a letter written by plaintiff's grantor's daughter, previous to conveyance, to plaintiff, demanding that defendant account to her for her share in such rents, *held* properly excluded under Code 1907, § 4731; there being no evidence that defendant ever attorned to daughter.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for rent, use, and occupation, by J. H. Davis against G. W. Reed. Following adverse rulings on pleadings and evidence, plaintiff took a nonsuit and appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Counts 1 and 2 stated a good cause of action. Burgess v. Amer. Mortg. Co., 115 Ala. 468, 22 South. 282. The deeds and others documentary and oral evidence, showing the conveyance to plaintiff of the property involved in the suit, were improperly exclud-

ed. Code 1896, §§ 2069, 2070, 2071; Hogan v. Scott, 186 Ala. 310, 65 South. 211; Code 1907, form 31, p. 1201; Executors of Smith v. Houston, 16 Ala. 111; Code 1907, § 4753; Barnewell 'v. Stephens, 142 Ala. 609, 38 South. 662; Turnley v. Hanna, 82 Ala. 143, 2 South. 483; Bohannon v. State, 73 Ala. 47; Brady v. Huff, 75 Ala. 80; Mooty v. Doyle, 1 Ala. App. 577, 55 South. 436. The letter from Alma Nichols to defendant was admissible. Davidson v. Ernest, 7 Ala. 817; Smith v. Houston, 16 Ala. 111; Catterlin v. Spinks, 16 Ala. 467; Tully v. Dunn, 42 Ala. 262; 7 R. C. L. 912; 38 Cyc. 104. Plaintiff acquired, with the conveyance to him, the right to proceed against any one unlawfully in possession thereof, and to recover for use and occupation subsequent thereto, at least. English v. Key, 39 Ala. 113; Randolph v. Carlton, 8 Ala. 606; Tubb v. Fort, 58 Ala. 277.

Sterling A. Wood, of Birmingham, for appellee.

Counts failing to conform to the statute are demurrable. Code 1907, § 4753; Burgess v. Amer. Mortg. Co., 115 Ala. 468, 22 South. 282; Code 1907, pp. 1200, 1201, forms 30, 31. In order to recover in an action for use and occupation, plaintiff must prove prior actual possession of the land by him. Grady v. Ibach, 94 Ala. 152, 10 South. 287; Powell v. New Eng., 89 Ala. 490, 8 South. 136; Stringfellow v. Curry, 76 Ala. 394; 4 Mayfield's Dig. 1044; Lankford v. Green, 52 Ala. 103.

MILLER, J. This is an action for rent and for use and occupation of land, with storehouse and dwelling house thereon. It was commenced by J. H. Davis against G. W. Reed. The plaintiff took an involuntary nonsuit by reason of adverse rulings of the court on pleadings and evidence, and from a judgment of the court entering the nonsuit, dismissing the cause, and taxing plaintiff with the cost, this appeal is prosecuted by the plaintiff with a bill of exceptions.

[1] The original complaint contained two counts. Count 1 was for rent for a lot with a storehouse and residence thereon for each month in the year of 1919. It did not follow form No. 30, p. 1200, of the Code of 1907, and failed to aver the property was demised by plaintiff to the defendant. It averred no rental contract for the property between plaintiff and defendant. It failed to aver defendant occupied the property under rent contract owned by plaintiff. The demurrers of defendant to this count were properly sustained by the court. Form 30, p. 1200, Code 1907; Burgess v. Am. M. Co., 115 Ala. 468, 22 South. 282; Rutherford v. Cowling, 200 Ala. 556, 76 South. 914.

[2] Count 2 purports to be a count for use and occupation of this property for and during the year 1919, but it is insufficient, as it fails to aver this property belonged to the plaintiff. The demurrers of defendant pointed out this defect, and they were properly sustained by the court. Form 31, p. 1201, Code 1907.

The plaintiff amended the complaint by adding counts 3, 4, 5, 6, and 7. Demurrers of defendant to count 3 were sustained by the court, and demurrers of defendant to counts 4, 5, 6, and 7 were overruled by the court.

[3] In count 3 plaintiff "claims of the defendant $360 for rent of the following premises in Palos [describing them], together with storehouse and dwelling house thereon, which premises defendant occupied," during each of the months of the year 1919, "as a tenant of plaintiff, and for which he owes plaintiff the reasonable rental value thereof, viz., $360, for which plaintiff sues." It avers defendant owes plaintiff $360 for the reasonable rental value of the property for the year 1919 as a tenant of plaintiff, and that defendant occupied the property during that year as a tenant of plaintiff; and it describes the property occupied by defendant as his tenant.

[4] The defendant could not be the tenant of plaintiff for rent of the property, unless the plaintiff was landlord, or unless there was a demise of the property to the defendant with which the plaintiff was connected by transfer or assignment from the lessor. While this count does not follow the words in the form numbered 30, p. 1200, Code 1907, still it states a cause of action for rent between plaintiff and the defendant; and the court erred in sustaining the demurrers to it. Sections 4731, 4737, Code 1907; English v. Key, 39 Ala. 113. But this is not reversible error, as the same cause of action was stated in other counts in the complaint under which plaintiff had this benefit.

Plaintiff, in count 4, claims $500 for the use and occupation of a lot with store and dwelling house thereon for the year 1919 in the N. W. ¼ of S. W. ¼ of section 15, township 16, range 5. Count 5 is the same as count 4, except it claims $2,000 for use and occupation of said property from December 4, 1914, to December 4, 1919. Count 6 is the same as count 4, except it describes the lot as being in the N. W. ¼ of S. E. ¼ of section 15, township 16, range 5; and count 7 is the same as count 5, except it describes the lot as being in said N. W. ¼ of S. E. ¼ of section 15, township 16, range 5. Counts 4, 5, 6, and 7 follow substantially form 31, p. 1201, Code 1907, for use and occupation of land. Each count, after describing the land, contains these words, "belonging to plaintiff."

The defendant pleaded in short by consent general issue with right to give in evidence any matter that would be good in defense of the action and with leave for plaintiff to give in evidence any matter which would be admissible in reply to the de-

fensive matter; and the defendant also pleaded statute of limitations in short by consent.

This lot, on which is erected the store and dwelling, is 60 feet wide and 100 feet deep, and is a part of a 70-acre tract of land which was the homestead of Harvey M. Nichols at the time of his death on December 17, 1897. He died intestate, leaving a widow, Savannah M. Nichols, who afterwards married Alex Jones, and two minor children, Alma Nichols, who was eight years old on November 28, 1897, and Oscar Nichols, who was five years old. Alma Nichols married J. H. Davis.

Alma Nichols Davis, witness for the plaintiff, testified:

"At the time of the death of my father, we were living at Palos, on the old homestead, which property is the same property that was later in part rented to G. W. Reed and is the subject of this suit."

The witness stated:

"That portion of the premises mentioned that was occupied by Mr. Reed was up on hill, near the church. * * * It was a lot which she did not know the size of; that at the time defendant G. W. Reed went into possession of the place it did have a building on it."

[5] The court erred in sustaining objection of the defendant to the following question asked this witness (Alma N. Davis) by plaintiff:

"Mrs. Davis, I will ask you to state whether or not that homestead or a part of that property was occupied by Mr. Reed some time in 1909 from then approximately up to some time in 1919?"

The plaintiff was claiming in his complaint reasonable rent for this property for 1919, and for use and occupation of this property from December 4, 1914, to December 4, 1919; and there was proof tending to show this property was rented to the defendant soon after the death of 'Harvey M. Nichols by his widow. This conversation was between plaintiff's attorney and the court during the trial in the presence of the jury:

"The Court: Now, that is the deed by the other child, pending the running of the previously made lease by the mother.

"Mr. Harsh: Pending the first lease, prior to the execution of the first lease."

[6] From this it was evident the widow of decedent, Nichols, rented or leased this property twice to the defendant. Possession of land or actual occupancy of land is a fact, and a witness who knows the fact can testify to it. Steed v. Knowles, 97 Ala. 573, 12 South. 75; Eagle v. Gibson, 62 Ala. 369; Woodstock v. Roberts, 87 Ala. 436, 6 South. 349.

There was evidence tending to show that the widow and minor children left this homestead and the balance of the 70 acres of land a few months after the death of Harvey M. Nichols; that this lot, with the residence and store on it, was rented to the defendant by the widow of the decedent, and the balance of the 70-acre tract was rented to different persons.

The evidence called for by this question was relevant as tending to show how long defendant was in possession of the lot under the rent contract or the leases, or how long he remained on the lot by sufferance of the lessor after the expiration of the leases. We find no evidence indicating exactly when the first or second lease commenced, or when either ended, or how long the defendant used and occupied the lot by sufferance of the owner after the expiration of the rent contracts. The plaintiff offered in evidence, after showing Mrs. Nichols, widow of the decedent, with her minor children, were in possession of the 70 acres of land after the death of Harvey M. Nichols, the following papers: Application of the widow and proceedings in the probate court to have, and a decree of the court setting apart, this 70 acres of land as a homestead to the widow and minor children of Harvey M. Nichols, and a deed by said widow of decedent and her husband, Alex Jones, dated January 10, 1919, conveying all their right, title, and interest in the 70 acres to John H. Davis, the plaintiff.

The defendant objected separately to the introduction of this deed, and the different proceedings in the probate court setting apart the 70 acres as exempt to the widow and minor children of the decedent as a homestead, on the ground this evidence is an attempt to prove title to the lot, which is not permissible, and because irrelevant and incompetent. The court sustained the objection of the defendant to this evidence separately offered, and the plaintiff duly excepted to each ruling of the court.

[7] It is true this court, in Crabtree v. Street, 200 Ala. 442, 76 South. 374, wrote:

"Evidence of title as a basis of action or defense had no proper place in the trial."

This is a correct principle, and it is sustained by the authorities there cited. See, also, Burgess v. Am. Mortg. Co., 115 Ala. 468, 22 South. 282; Powell v. New England Mortg. Co., 89 Ala. 490, 8 South. 136.

[8] The widow of the decedent was in the actual or constructive possession of this land, when she rented or leased the lot to the defendant; her right to the continued possession of the 70 acres was derived through the probate court proceedings offered in evidence, and they were admissible for the purpose of showing the extent of her possession of the property and for no other purpose; and in this case this ruling would not be reversible error, as the extent of possession was not in dispute. Whether these 70 acres were all the real estate owned by the decedent in

this state at the time of his death was immaterial to the issue in this cause. The court did not err in ruling out this evidence; such evidence affected only the title of the widow in the homestead, which could not be inquired into in this cause. Mooty v. Doyle, 1 Ala. App. 577, 55 South. 436; Barnewell v. Stephens, 142 Ala. 609, 38 South. 662; Brady v. Huff, 75 Ala. 80'; Turnley v. Hanna, 82 Ala. 143, 2 South. 483, and authorities, supra.

[9] The plaintiff sues to recover for rent or for use and occupation of this lot, with store and dwelling on it, for the year 1919; and he traces his right thereto in part by the deed executed to him by Savannah Nichols Jones and her husband, dated January 10, 1919. The court erred in excluding this conveyance from the evidence. It was not relevant or competent to show any title, if any, to the lot conveyed thereby to the plaintiff; but it was relevant, material, and competent to show an assignment by the grantor, Savannah Nichols Jones, to the plaintiff of any rent for the lot under the lease due her by the defendant, maturing after January 10, 1919, the date of the conveyance, or to show an assignment by her to the plaintiff of her right to recover of the defendant for use and occupation of the lot by him after January 10, 1919, the date of the conveyance, for his remaining as her tenant on the land by her sufferance after the expiration of the rent contract. This deed was relevant to fix the time, its date after which plaintiff was entitled to recover the rent agreed on by the parties maturing for the lot from the defendant. It was relevant to fix the time, its date, from which plaintiff was entitled to recover from the defendant for use and occupation of the lot by him after his lease terminated with the lessor, the grantor in the conveyance; and it was relevant to fix the time, its date, from which plaintiff was entitled to recover from the defendant, for use and occupation of the lot by him, reasonable rent, if no specific sum has been agreed on as rent in the lease.

When a tenant remains on the land by sufferance of the lessor after the expiration of the rent or lease period, the lessor or his assignee may recover reasonable compensation or satisfaction for the use and occupation thereof. When there has been a demise of land by deed or by parol, and no specific sum has been agreed on as rent, reasonable rent or reasonable satisfaction may be recovered by the lessor or his assignee for the use and occupation thereof. Section 4753, Code 1907, subds. 1 and 3; and authorities, supra.

"The tenant cannot dispute his landlord's title, nor attorn to another claimant while in possession, except in cases provided otherwise in this Code." Section 4731, Code 1907.

"The claim of the landlord for rent * * * may be by him assigned; and the assignee shall be invested with all the landlord's rights, and entitled to all his remedies for their enforcement." Section 4737, Code 1907.

In English v. Key, 39 Ala. 117, this court stated:

"Rent is incident to reversion; and the lessor's transfer of the reversion, though without the tenant's attornment to the assignee, or any express mention of the rent, carries with it the rent falling due thereafter. * * * By the transfer of the reversion, and of the rent afterwards falling due as incident thereto, the lessee becomes bound to pay such rent to the assignee, and is discharged from liability therefor to the lessor."

We find the same principle declared in Pope v. Harkins, 16 Ala. 324.

[10] This deed by Mrs. Jones and husband to plaintiff was competent and relevant evidence to show a transfer to plaintiff of her interest as lessor in the lease of the lot to the defendant. Plaintiff became entitled thereby to recover the rent from the lessee, the defendant, falling due after the execution of this conveyance; and if the defendant [the lessee] when the conveyance was executed, was remaining on the lot by the lessor's sufferance after the termination of the lease, then the plaintiff would be entitled by this conveyance to recover of the defendant reasonable compensation for the use and occupancy of the lot by him January 10, 1919, the date of the conveyance. Tubb v. Fort, 58 Ala. 277; Randolph v. Carlton, 8 Ala. 614; Smith v. Mundy, 18 Ala. 185, 52 Am. Dec. 221, and authorities supra.

[11] The plaintiff offered in evidence a deed dated November 25, 1911, by Alma Nichols to J. H. Davis conveying her interest in this seventy acres of land to the plaintiff, and a deed from Oscar T. Nichols and Alma Nichols dated January 29, 1914, conveying their interest in this seventy acres of land to the plaintiff. The court sustained the objections of the defendant to the introduction in evidence of these conveyances. In this ruling the court was correct. These grantors were at that time of age, over twenty-one years old. These deeds could be no evidence of title to the lot as the title could not be put in issue in this cause. Neither of the grantors in the conveyances were lessors of the lot to the defendant, so it could be no evidence of an assignment of their interest as lessors in the lot to the plaintiff. Authorities, supra.

[12] The plaintiff also offered in evidence a letter dated August 26, 1912, written by Alma Nichols to the defendant, which reads as follows:

"August 26, 1912.

"Mr. G. W. Reed, Palos, Ala.—Dear Sir: You are hereby notified not to pay any money for lease or rent to my mother on any of our property, as same is under adjustment.

"You are responsible to me for one-third of the rent or lease money paid my mother or her

agent for the use of our property. I have made this request before and would thank you to acknowledge receipt of this notice, as it is final.

"Yours truly,      (Miss) Alma Nichols."

It appears from the evidence, which is confirmed by this letter, that the defendant had leased the property from the mother, the wife of Harvey M. Jones, and was her tenant at this time. There is no evidence that the defendant ever attorned to Alma Nichols or recognized her as landlord. Under the statute (section 4731, Code 1907):

"The tenant cannot dispute his landlord's title nor attorn to another claimant while in possession, except in cases provided in this Code."

The court did not err in excluding this letter from the consideration of the jury. Authorities, supra.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.